**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Buddy G. RECTOR, Defendant–Appellant.**

No. 96–1952.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 9, 1996.

Decided April 11, 1997.

Andrew B. Baker, Jr., Daniel L. Bell (argued), Office of the United States Attorney, Dyer, IN, for Plaintiff–Appellee.

David J. Hensel (argued), Michael D. Ramsey, Johnson, Smith, Pence, Densborn, Wright & Heath, Indianapolis, IN, for Defendant–Appellant.

Before COFFEY, MANION, and EVANS, Circuit Judges.

MANION, Circuit Judge.

Buddy G. Rector was convicted of seven federal firearms offenses and sentenced to 210 months in prison. He appeals his conviction and sentence, challenging his counsel's assistance, the federal prosecution, the court's refusal to provide a downward adjustment for acceptance of responsibility, and his criminal history category. We affirm his conviction but remand for resentencing.

## I.

On April 25, 1991, Buddy Rector purchased a .22 caliber Daisy rifle which he later sold to a coworker on October 2nd. On January 20, 1992, Rector purchased a .22 caliber Marlin rifle. On February 18, 1992, Rector traded a .22 caliber Ruger pistol for a ferret. But because Rector was a convicted felon, these seemingly routine transactions

violated 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. In both 1977 and 1979, Rector was convicted in Indiana for burglary. He also has from 1971 convictions for burglary and for violating Indiana's Dangerous Drug Act.

When he purchased the Daisy rifle on April 25, 1991, Rector stated on the firearms transactions record (a federally mandated firearms transaction record commonly referred to as "form 4473") that he had never been convicted of a crime punishable by imprisonment for a term exceeding one year. That answer was false. When, on January 20, 1992, he purchased the Marlin rifle, he again responded in the negative to the query about prior convictions on form 4473. Again the statement was false.

Following the above transactions, in the spring of 1992 Rector told a neighbor, John Dennison, he had a .357 and a nine millimeter handgun he wished to sell. Dennison reported the conversation to Dave Roberts, the Wolcott, Indiana, town marshal. Roberts arranged for Dennison to purchase a gun from Rector with marked money while under ATF surveillance. Dennison bought the .22 caliber Marlin which Rector had purchased January 20. In April, Rector offered to sell to a coworker a Colt .357 magnum revolver. He told the coworker that he would have to grind the serial number off the gun so that it could not be traced to Rector. Suspicious that it might be stolen, the coworker told town marshal Roberts who arranged for him to purchase the gun from Rector and obtain a receipt. The gun turned out to be stolen property.

On April 24, 1992, two ATF agents met with Roberts at the Wolcott Police Department to discuss the case. During their meeting, it was reported to them that Rector was at the gas station next door. The three walked over, identified themselves to Rector, and asked him to return with them to the police department. Rector formally waived

his rights, agreed to talk, and admitted to all of the facts as presented above. The ATF agents obtained consent to search Rector's residence where they later located additional guns.

Rector was placed under state arrest for receiving stolen property (the Colt .357) in violation of Indiana law. He was not placed under federal arrest at that time. Rector subsequently pleaded guilty to the state charge. A federal grand jury eventually indicted him on August 20, 1992, charging him with five counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and two counts of making false statements on a federal firearms transaction form in violation of 18 U.S.C. §§ 922(a)(6) and 924.

At trial, Rector testified and admitted to all of this. He stated that sometime between October and December of 1991 he had consulted with town marshal Roberts who had told him he could legally possess weapons for hunting and for target practice. (The record does not indicate whether Rector's testimony on this point was corroborated or contradicted by Roberts, or even whether Roberts testified.) Rector testified that based on the conversation with Roberts, he believed he could legally possess firearms. Despite the obvious attempt to build up the predicate evidence, Rector's counsel never submitted an entrapment by estoppel jury instruction, although he apparently made such an argument during summation. Rector was convicted on all counts and sentenced to 210 months imprisonment, which he presently is serving.

## II.

### A. Entrapment by Estoppel

■ On appeal, Rector first argues that he received ineffective assistance when his trial counsel failed to request a jury instruction on the defense of "entrapment by estoppel."[1]

---

1. While not the preferred route for such a claim, where the "unadorned trial record" is sufficient to make such a determination, an appellant may allege ineffective assistance of counsel as grounds for reversal on direct appeal rather than through a motion for a new trial or under 28

U.S.C. § 2255. *Compare United States v. Walls,* 80 F.3d 238, 243 (7th Cir.1996) ("We have cautioned repeatedly that appellants should not bring ineffective assistance claims on direct appeal. The record ... almost never is sufficient to reveal an attorney's ineffectiveness.") *with United*

Rector's counsel may well have intended to argue "entrapment by estoppel." Rector testified and admitted the entire factual predicate for conviction, but also testified that he thought he was acting within the law because the town marshal purportedly had told him he could lawfully possess hunting and target guns. Indeed, his counsel told the jury during closing argument that Rector had taken the affirmative step of checking with law enforcement before engaging in the conduct with which he was charged. However, Rector's counsel never submitted an entrapment by estoppel instruction and the court never so charged the jury. On this record we can only speculate what governed his counsel's decision not to emphasize this rare defense. Perhaps counsel felt he was stuck with the admissions Rector made to the ATF agents on April 24, or perhaps counsel wanted Rector to concede most of the government's case in order to humanize him. This would not have been a totally unreasonable strategy given the posture of the case. Moreover, because Rector was not entitled to the entrapment by estoppel instruction, as discussed below, counsel could well have intentionally refrained from requesting such an instruction to avoid being directed not to raise the assertion that the police condoned the activity.

In any event, under *Strickland* we need only address the question of whether, assuming counsel was ineffective, the ineffective assistance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, because it would not have been proper to give the instruction anyway, there was no prejudice.

■■■ "Entrapment by estoppel" is an affirmative defense "that is rarely available." *United States v. Howell,* 37 F.3d 1197, 1204 (7th Cir.1994) (discussing history and application of "entrapment by estoppel" defense), *cert. denied,* —— U.S. ——, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995). This defense requires that "the one misleading the defendant be an official of the state; that he actively mislead the defendant; and that the defendant's reliance be actual and reasonable in light of the identity of the agent, the point of law represented, and the substance of the misrepresentation." *Id.* (and cases cited therein at n. 9). In this case, Rector alleges a town marshal advised him that federal law allowed him to own firearms if used for hunting or target practice. Even if this questionable claim were true, Rector himself concedes that this court would be going against the weight of authority if it ruled that statements by state law enforcement officials may constitute a defense of entrapment by estoppel to federal charges.[2] He argues that the key is whether from Rector's perspective the town marshal had authority to render interpretations on federal firearms law. What Rector says he thought about the marshal's authority is not the test. *See, e.g., Howell* (reliance must be objectively reasonable). If it were, the more successfully a defendant presented himself as ill-educated or naive, the stronger would be his argument that he relied on advice from someone he (mistakenly) thought had authority to render such advice. This approach would entitle a defendant to the defense even where such reliance was objectively unreasonable. We reject Rector's approach and reiterate that entrapment by estoppel requires reliance that is objectively reasonable. These facts cannot

*States v. Taglia,* 922 F.2d 413, 417 (7th Cir.) (explaining where advancing such a claim on direct appeal is appropriate), *cert. denied,* 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991).

**2.** *See, e.g., United States v. Etheridge,* 932 F.2d 318, 322 (4th Cir.) (entrapment by estoppel instruction not appropriate where state trial judge erroneously informed convicted felon he could own guns for hunting purposes; to permit the defense "would penalize the wrong government—the government that prosecuted the appellant rather than the government that mistakenly and misleadingly interpreted the law."), *cert.*

*denied,* 502 U.S. 917, 112 S.Ct. 323, 116 L.Ed.2d 264. (1991); *United States v. Bruscantini,* 761 F.2d 640, 641–42 (11th Cir.) (defense unavailable where state judicial and prosecutorial officials advised defendant plea of nolo contendre did not constitute felony conviction), *cert. denied,* 474 U.S. 904, 106 S.Ct. 271, 88 L.Ed.2d 233 (1985); *United States v. Allen,* 699 F.2d 453, 458, n. 1 (9th Cir.1982) (state parole officer's advice that defendant could possess firearm did not entitle defendant to entrapment by estoppel defense because defendant did not claim "any *federal* officials acted to induce the commission of the offense . . . ." (emphasis added)).

support such a claim and Rector makes no argument that they do. This precludes him from employing the defense as a matter of law. *See Howell,* at 1204–05.

Rector also argues the town marshal had apparent authority to render such advice. But this is based on the same underlying rationale as above, that Rector subjectively thought he had the authority. This also misstates the law of apparent authority, which would require that the federal government acted in some manner so as to convey the message that the town marshal had authority to speak on its behalf. Rarely, if ever, can a case for apparent authority be made against the federal government based on actions of government agents. *In re Larson,* 862 F.2d 112, 115 (7th Cir.1988) ("because [they] were dealing with the government, they are charged with knowledge of the law 'and may not rely on the conduct of Government agents contrary to law' ") (quoting *Heckler v. Community Health Services of Crawford,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984)). Here Rector provides no factual basis for his belief that such authority had been given.

Additionally, Rector's reliance would have had to have been in good faith, *see, e.g., United States v. Abcasis,* 45 F.3d 39, 43 (2d Cir.1995) (entrapment by estoppel requires that defendant's mistaken belief be both reasonable and in good faith), an argument rendered disingenuous given that one of the weapons he possessed was stolen and that he advised the person to whom he was selling it to grind off the serial numbers so it would not be traced back to him. Additionally, he twice lied on federal form 4473 that he was not a convicted felon, a lie that would have been unnecessary had he actually believed he was permitted to own firearms despite his felony convictions. Finally, the first purchase, in April of 1991, occurred before the time when Rector claims to have had the conversation with Roberts.

Rector presents no compelling facts or argument for departing from authority in this case. Because he was not entitled to an entrapment by estoppel defense, his counsel's failure to request such an instruction did not constitute ineffective assistance of counsel.

### B. "Sham Prosecution" and Double Jeopardy

 ·Although advanced on appeal, this issue was not raised at trial and is therefore reviewed for plain error. *United States v. Harris,* 41 F.3d 1121, 1122 (7th Cir.1994). The concept of "sham prosecution" was raised in Supreme Court dicta in *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). It has been discussed by courts in the process of rejecting its application ever since. *See, e.g., United States v. Paiz,* 905 F.2d 1014, 1024 (7th Cir.1990) ("the 'sham prosecution' exception to the dual sovereignty doctrine, if it exists at all, is a narrow one, an extremely narrow one ... [w]e have uniformly rejected such claims"), *cert. denied,* 499 U.S. 924, 111 S.Ct. 1319, 113 L.Ed.2d 252 (1991). It nevertheless somehow maintains a life of its own. While one might envision a hypothetical case that melded investigation and prosecution by two sovereigns to a degree that it would constitute a sham prosecution and thus double jeopardy, this is not such a case. Rector's case was an example of the typical (and desired) cooperation between state and federal authorities. *See, e.g., United States v. Brocksmith,* 991 F.2d 1363 (7th Cir.) (noting that cooperative efforts between state and federal investigators are "a welcome innovation"), *cert. denied,* 510 U.S. 999, 114 S.Ct. 569, 126 L.Ed.2d 468 (1993). The ATF often is better able to handle firearms investigations than are small town police departments and routinely provide such assistance. The state charge for receipt of stolen property (the Colt .357) was distinct from the federal charge which only alleged possession by a felon. The fact that the gun was stolen was immaterial to the federal charges. Thus, there was no overlap of charges that might suggest double jeopardy, the underlying rationale for prohibiting sham prosecutions. Nor is it unusual for the federal indictment to follow the state prosecution. That is common not only because federal felony charges must be brought by indictment, a process that takes longer than merely filing charges, but also because if the state sufficiently pun-

ishes a defendant the federal government often will forego prosecution.

### C. Acceptance of Responsibility

 Rector next argues that upon sentencing, the court erred by refusing to grant him a downward adjustment for acceptance of responsibility. Rector admitted all relevant conduct from the first time he was questioned all the way through trial. Yet the court refused to reduce his sentence for acceptance of responsibility. We will reverse the district court only if its finding that Rector did not accept responsibility for his acts is clearly erroneous. *United States v. Simpson*, 995 F.2d 109, 112 (7th Cir.1993). The reduction is not ordinarily available "to a defendant who puts the government to its burden of proof at trial by denying the essential elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, comment. (n.2). Here, Rector maintains he has admitted the essential elements of guilt right from the start, but proceeded to trial to assert a valid entrapment defense that did not require him to deny the factual allegations. This exception to the general rule is for "issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the application of a statute to his conduct)." *Id.* Rector's problem is twofold. Other than admitting the factual allegations against him, Rector provides us with no expressions or conduct exhibiting remorse or accepting responsibility. This drifts into his second problem, which is that the adjustment is rarely available to those who assert entrapment, a defense that by its nature tends to preclude the acceptance of responsibility. *United States v. Simpson*, 995 F.2d at 112 ("Where a defendant persists in asserting entrapment, she cannot also claim acceptance of responsibility."); *United States v. Corral–Ibarra*, 25 F.3d 430, 442 (7th Cir. 1994) ("The raising of an entrapment defense, in and of itself, does not constitute either an acceptance of responsibility or an expression of remorse for one's criminal conduct."). Essentially, the problem is that asserting entrapment is a denial rather than an acceptance of responsibility. A defendant asserting such a defense is saying, in effect, "I did it but it was somebody else's fault that I did it." That is the antithesis of remorse or acceptance of responsibility.

The district court would be looking for something other than the mere acknowledgment of the factual elements of the case. Here the court found none. The court did not err in declining to extend the adjustment to Rector under the record before us. *United States v. Blas*, 947 F.2d 1320, 1330 (7th Cir.1991) (affirming trial court's refusal to adjust sentence for acceptance of responsibility where adequate foundation in the record supports refusal despite lack of explicit findings in sentencing record), *cert. denied*, 502 U.S. 1118, 112 S.Ct. 1234, 117 L.Ed.2d 468 (1992).

### D. Criminal History Category

 The presentence report enhanced Rector's criminal history category based on the state conviction for possessing the stolen Colt .357. Rector did not challenge this at trial and we review that decision for plain error, *United States v. Harris*, 41 F.3d at 1122, which requires that the error be clear error and that it be prejudicial. *United States v. Olano*, 507 U.S. 725, 730–36, 113 S.Ct. 1770, 1775–79, 123 L.Ed.2d 508 (1993). The government concedes that it was error, although it hesitates to admit it was clear error because the issue was not briefed below and is highly complex. The government acknowledges that if the state conviction were not counted (as it should not have been) Rector's criminal history would be reduced from category V to IV. This in turn would lower the range (for an offense level of 33) from 210–262 months to 188–235 months. The government admits that if this court finds that the error was plain error the case should be remanded for resentencing. The government's concession removes the "case or controversy" from this sentencing issue. We are precluded from issuing an advisory opinion and remand to the district court for resentencing in light of the government's change in position.

### III.

Rector, a convicted felon, violated federal law when he possessed guns while trading

them for cash and a ferret. He also violated federal law when he lied on federal forms related to gun purchases. He was not entitled to an entrapment by estoppel defense based on advice from a low-level state official because the state cannot so bind the federal government. Additionally, his reliance was not in good faith given that the advice was allegedly provided after he purchased the first rifle, that he advised a coworker to grind off a serial number so the gun could not be traced back to him, and that he lied on federal firearms forms. Nor did his federal prosecution constitute the elusive "sham prosecution." Accordingly we affirm his conviction.

The court's denial of an acceptance of responsibility adjustment to Rector's sentence was not clearly erroneous and is likewise affirmed. However, the government concedes error in Rector's criminal history category calculation. Accordingly we remand for resentencing under the appropriate criminal history category.