UNITED STATES of America, Appellee,

v.

Jose R. TREJO, a/k/a Rolando, a/k/a Caren Trejo Appellant.

No. 97–3016.

United States Court of Appeals, District of Columbia Circuit.

March 3, 1998.

Mary Lou Leary, United States Attorney, Washington, DC, at the time the brief was filed, John R. Fisher, Mary–Patrice. Brown, Washington, DC, Patricia Stewart, and Patricia Heffernan, Assistant United States Attorneys, were on the brief for appellee.

A.J. Kramer, Federal Public Defender, Washington, DC, and Neil H. Jaffee, Assistant Federal Public Defender, Washington, DC, were on the brief for appellant.

Before: WILLIAMS, SENTELLE, and HENDERSON, Circuit Judges.

Opinion for the Court filed Per Curiam.

PER CURIAM:

Trejo was convicted of two counts of unlawful transfer of a firearm, 18 U.S.C. § 924(h), and two counts of unlawful possession of a firearm by an illegal alien, 18 U.S.C. § 922(g)(5), and sentenced to four concurrent 27–month prison terms. Trejo argues that trial counsel was ineffective for failing to request an entrapment instruction.

According to the government's evidence, a government informant introduced Trejo to undercover special agent Elvis Acosta of the Bureau of Alcohol, Tobacco, and Firearms. All of Agent Acosta's conversations with Trejo, whether by telephone or in person, were taped. In the conversations Trejo appeared lucid, knowledgeable about guns, and eager to sell Agent Acosta as many handguns as Acosta needed, as well as a fully automatic rifle. On two separate occasions Trejo sold Agent Acosta a pistol.

■ The only argument that warrants discussion is Trejo's novel claim that the government induced him to sell the guns by providing him with drugs, which caused Trejo to become intoxicated and thus made him incapable of resisting the informant's suggestions of engaging in illegal activity.

■ In determining whether an entrapment defense is warranted, the court considers appellant's version of the facts to be true. *See United States v. McKinley,* 70 F.3d 1307, 1310 (D.C.Cir.1995). Trejo testified that prior to meeting the informant he never used narcotics and was not in the business of selling guns. According to Trejo, the informant sold or gave him drugs. After he ingested the drugs, he began to "hallucinate" and would accede to the informant's request to say certain things and sell guns to Acosta.

■ In entrapment cases the key inquiry is whether the defendant lacks the predisposition to commit the offense and is induced to do so by government agents. *See McKinley,* 70 F.3d at 1311–12. Although the issues of inducement and predisposition are for the jury to resolve, the court need not give an entrapment instruction if the defendant fails to come forward with at least some evidence of government inducement. *See id.* at 1312.

After contemplating an entrapment defense, Trejo's counsel decided not to pursue one, believing there was insufficient evidence to justify asking for an entrapment instruction. This decision did not amount to ineffective assistance. Trejo's premise, that the informant induced him to sell guns by supplying him with drugs, is unsupported by the evidence. Inducement involves "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *United States v. Sanchez*, 88 F.3d 1243, 1249 (D.C.Cir.1996) (citation and internal quotation omitted). An informant's selling or giving drugs to the subject of an investigation, without more, falls well short of the type of behavior that would amount to an inducement to engage in illegal firearms sales.

Trejo's claim that he sold the guns because the informant could control his actions while he was under the influence of the drugs also does not rise to the level of inducement. In effect, Trejo argues that because the drugs caused him to hallucinate and made him pliable, he should be held to a lower standard and it should be easier for him to show inducement compared to someone who is not using drugs. An individual who ingests narcotics voluntarily or as a result of government tactics that do not establish inducement, however, is not entitled to a reduced burden of proof in demonstrating evidence of inducement to commit later crimes. *Cf. United States v. Steinberg*, 525 F.2d 1126, 1132 (2d Cir.1975) (a defendant's drug addiction does not lower the threshold for demonstrating inducement), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976). Therefore Trejo was not entitled to an entrapment instruction as he failed to show that the government, merely by providing him with drugs, implanted a criminal plan to sell guns. *See United States v. Whoie*, 925 F.2d 1481, 1484 (D.C.Cir.1991).

Because appellant was not entitled to an entrapment instruction, counsel's decision not to request one did not render him ineffective. *See Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068–69, 80 L.Ed.2d 674 (1984); *see also United States v. Rector*, 111 F.3d 503, 506–07 (7th Cir.1997) (where defendant not entitled to an entrapment by estoppel instruction based on the evidence at trial, defense counsel not ineffective for failing to request it); *United States v. Debango*, 780 F.2d 81, 85 n. 2 (D.C.Cir.1986) ("[b]ecause the proposed jury instructions would have been problematic" even if sought, counsel was not ineffective for not requesting them).