UNITED STATES of America,
Plaintiff,

v.

Vicky L. STRICKLAND, Defendant.

No. IP 99–0015–CR–07–T/F.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 1, 2000.

Christina McKee Winfield Ong, Office of U.S. Attorney, Indianapolis, IN.

Kevin McShane, Mark Inman, Andrew Maternowski, Indianapolis, IN, Richard Kempf, Ancel & Dunlap, LLP, Indianapolis, IN, Richard Kammen, McClure, McClure & Kammen, Indianapolis, IN, Linda Wagoner, Indiana Federal Community Defender, Indianapolis, IN, for defendant.

## Entry On Strickland's Motion for Production of Specific Exculpatory Evidence

TINDER, District Judge.

On April 7, 2000, Defendant Vicky Strickland filed a Motion for Production of Specific Exculpatory Evidence along with an *In Camera, Ex Parte* Response Under Seal in Support of the Defendant Strickland's Motion for Production of Exculpatory Evidence. She seeks the following:

(1) all correspondence between the Federal Bureau of Investigation ("FBI") and John Neal pertaining to the seizure of supposed gambling machines from Neal by the FBI and other federal and state agencies and the attempted return of those machines to Neal in 1992 and/or 1993;

(2) all correspondence between the FBI and various state and local prosecutors and officials, including the Indiana Alcoholic Beverage Commission, pertaining to the seizure of the supposed gambling machines from John Neal and others by the FBI and other federal and state agencies and the attempted return of those machines to Neal and others in 1992;

(3) all FBI 302 or other memoranda of interviews of Lester Blackwell pertaining to his purchase of the alleged gambling machines from John Neal;

(4) all information in the possession of the government reflecting the continued open use of alleged gambling machines throughout Indiana, including but not limited to Delaware County;

(5) all information in the possession of the government reflecting the contents of any conversation between the FBI and/or U.S. Attorney and any County Prosecutors in the State of Indiana reflecting a request by the government that state gambling prosecutions be commenced based upon the use of alleged gambling machines and the refusal of state prosecutors to commence such prosecutions;

(6) all correspondence between the U.S. Attorney's Office and/or the Department of Justice ("DOJ") and/or the President of the United States and any agency of the Executive Branch pertaining to John Neal's decision to support James Hoffa, Jr. for President of the

United Brotherhood of Teamsters ("Teamsters") in 1996;

(7) all correspondence between the U.S. Attorney's Office and/or the DOJ and/or the President of the United States and any agency of the Executive Branch pertaining to attempts by the DOJ to influence the election for Teamsters President in 1996;

(8) all correspondence between any candidate for Teamsters President in 1996 and any federal agency requesting help in the election for Teamsters President in 1996;

(9) all documentation reflecting the FBI's effort to monitor or influence the trial of John Neal in Anderson, Indiana in 1996 and the trial of Nancy Wilson in Muncie, Indiana in 1996 as well as the indictment of John Neal in Randolph County, Indiana in 1997; and

(10) all proffers of testimony of Eric Evans prior to or since his plea agreement with the prosecution.

 The court, like the government, presumes Ms. Strickland's motion is made pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Under *Brady* and its progeny, the government has an affirmative duty to disclose "any evidence in its possession that is favorable to the defendant and is material to either the issue of guilt or punishment." *United States v. Bhutani,* 175 F.3d 572, 576 (7th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1173, 145 L.Ed.2d 1082 (U.S.2000); *see also United States v. Gonzalez,* 93 F.3d 311, 315 (7th Cir.1996). Evidence is material if there is a reasonable probability that its disclosure would affect the trial's outcome. *See United States v. Bagley,* 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Hamilton,* 107 F.3d 499, 509 (7th Cir.), *cert. denied,* 521 U.S. 1127, 117 S.Ct. 2528, 138 L.Ed.2d 1028 (1997); *Gonzalez,* 93 F.3d at 316. *Brady* is not a discovery rule. *See United States v. Higgins,* 75

F.3d 332, 335 (7th Cir.1996). The government must disclose exculpatory information, but it need not do so before trial, *see Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), as long as the disclosure is made at a time which allows the defendant to make use of the exculpatory information, *see United States v. Allain,* 671 F.2d 248, 255 (7th Cir.1982).

 Requests (1), (2), (3), (4) and (5) all appear to relate to various defenses Ms. Strickland intends to raise against the money laundering charges on the issue of her knowledge and intent.[1] These requests appear to relate to the reliance on public authority (entrapment by estoppel) defense. In the Seventh Circuit, the defense requires that:

> "the one misleading the defendant be an official of the [government]; that he actively mislead the defendant; and that the defendant's reliance be actual and reasonable in light of the identity of the official, the point of law represented, and the substance of the misrepresentation."

*United States v. Rector,* 111 F.3d 503, 506 (7th Cir.1997) (quoting *United States v. Howell,* 37 F.3d 1197, 1204 (7th Cir.1994)), *overruled on other grounds by United States v. Wilson,* 169 F.3d 418 (7th Cir. 1999). Ms. Strickland has not suggested how she came to rely on correspondence between the FBI and her father, John Neal. Nor has she hinted at how she could have relied on correspondence between the FBI and various state and local prosecutors and officials or anything connected with Lester Blackwell's purchase of gambling devices from John Neal. Thus, such evidence would not support the reliance on public authority defense.

 Requests (4) and (5) at most would suggest that local authorities failed to take action against illegal gambling. Such evidence is not exculpatory because there is nothing to indicate that any advice was given to Ms. Strickland nor that she relied upon the inaction. Moreover, even

---

1. Requests (3) and (4) quite possibly relate to a selective prosecution claim as well.

if advice had been given, as explained in the Entry On Government's Motion In Limine, reliance on public authority is not available as a defense to federal charges where a defendant was misled by state or local officials. *See, e.g., United States v. Funches,* 135 F.3d 1405, 1407–08 (11th Cir.), *cert. denied,* 524 U.S. 962, 118 S.Ct. 2389, 141 L.Ed.2d 754 (1998). If the evidence were to suggest merely that local authorities tolerated the use of alleged gambling machines, it would be insufficient to support a reliance on public authority defense for this reason as well. *See United States v. Conley,* 859 F.Supp. 909, 933–36 (W.D.Pa.1994) (holding defendants not entitled to assert entrapment by estoppel defense where state officials at most had tolerated the defendants' conduct and had given no advice to them). Ms. Strickland has not persuaded the court that the information sought by Requests (1), (2), (3), (4) and (5) is exculpatory evidence. Therefore, the motion is **DENIED** as to Requests (1), (2) and (5).[2]

 The court infers based on Requests (6), (7), (8)(9), and perhaps (3) and (4) that the materials are sought in relation to a possible claim of selective prosecution.[3] When seeking an order compelling discovery on a selective prosecution claim, a defendant must first make a threshold showing that she has a colorable basis for the claim. *See United States v. Kerley,* 787 F.2d 1147, 1150 (7th Cir.1986). This means the defendant must submit "some evidence tending to show the existence of the essential elements of the defense." *Id.* The essential elements of a selective prosecution claim are: (1) the defendant was "singled out for prosecution while other violators similarly situated were not prosecuted; and (2) the decision to prosecute was based on an arbitrary

classification such as race, religion, or the exercise of constitutional rights." *United States v. Monsoor,* 77 F.3d 1031, 1034 (7th Cir.1996); *see also United States v. Cyprian,* 23 F.3d 1189, 1195 (7th Cir.1994). As to the first element, the defendant must present some credible evidence that similarly situated defendants of other classifications could have been prosecuted, but were not, before she is entitled to an order compelling discovery. *See Armstrong,* 517 U.S. at 469–70, 116 S.Ct. 1480; *see also United States v. Westmoreland,* 122 F.3d 431, 434 (7th Cir.1997).

Neither the motion for exculpatory evidence nor Ms. Strickland's ex parte filing is accompanied by any evidence which would tend to show the existence of either element of a selective prosecution claim. In addition, none of the attachments to Ms. Strickland's "Additional Submission In Opposition To The Prosecution's Motion In Limine Regarding Intent; Application To Present The Whole Truth To the Jury" would tend to establish an element of a selective prosecution claim. Accordingly, the motion for production of exculpatory evidence is **DENIED** as to Requests (3), (4), (6), (7), (8) and (9).

Request (10) is covered by 18 U.S.C. § 3500 and the court's scheduling order regarding *Jencks* material. The court has ordered all counsel to disclose the names of witnesses they intend to call at least one week before the witnesses' testimony, and the court has requested the government to provide *Jencks* material at the time of its disclosures. (*See* Entry Granting Continuance Trial & Trial Prep. & Sched. Order of 4/16/99 at 11; Modified Trial Prep. & Sched. Order of 8/4/99 at 3; Second Modified Sched. Order for May 15, 2000 Trial of 11/29/99 at 3; Entry for 4/19/00 at 2.)

**2.** Though Requests (3) and (4) have not been shown to be exculpatory, they are considered further in relation to a selective prosecution claim.

**3.** A selective prosecution claim "is not a defense on the merits to a criminal charge itself,

but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong,* 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

The motion for production as to Request (10) is therefore **DENIED.**

In brief, Defendant Strickland's motion for production of specific exculpatory evidence is **DENIED.**

ALL OF WHICH IS ORDERED this 1st day of September 2000.