**13-1158-cr**
*United States v. Miles*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

August Term, 2013

(Argued: March 28, 2014    Decided: April 10, 2014)

Docket No. 13-1158-cr

———————

UNITED STATES OF AMERICA,

*Appellee,*

-v.-

ROBERT LEE MILES, a/k/a ROBERT LEE,

*Defendant-Appellant.*

———————

Before:

WESLEY AND CARNEY, *Circuit Judges*; AND RAKOFF, *District Judge.*[*]

———————

Appeal from a March 27, 2013 judgment of conviction and sentence entered in the United States District Court for the Southern District of New York

———————

[*] The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

(John F. Keenan, *Judge*) following a bench trial on stipulated facts. We AFFIRM the district court's judgment and sentence.

ALEXANDER D. LEVI (Mary E. Mulligan, Emily L. Chang, *on the brief*), Friedman Kaplan Seiler & Adelman LLP, New York, NY.

DANIEL C. RICHENTHAL, Assistant United States Attorney (Brent S. Wible, Assistant United States Attorney, *on the brief*), for Preet Bharara, United States Attorney for Southern District of New York, New York, NY.

_____

PER CURIAM:

Robert Lee Miles a/k/a Robert Lee ("Miles") appeals from a March 27, 2013 judgment of conviction and sentence entered in the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) following a bench trial on stipulated facts.  The district court found Miles guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced him to the mandatory minimum term of fifteen years under the Armed Career Criminal Act ("ACCA").  18 U.S.C. § 924(e).  We conclude that the district court did not err in denying Miles's motion to invoke entrapment by estoppel; in finding that an "innocent possession" defense was unavailable; in finding the police had

probable cause to arrest and frisk Miles; and in sentencing Miles under the ACCA. We therefore AFFIRM the district court's judgment of conviction and sentence.

## BACKGROUND

At approximately noon on January 19, 2011, New York City Police Department ("NYPD") officers stopped Miles on a subway car after he walked through the end doors of the subway car while the train was stationary. During the frisk that followed, the officers found an unloaded revolver in Miles's waistband. The officers proceeded to arrest Miles, who had previously been convicted of numerous state felony offenses—two violent—and a serious drug offense. Upon arrest, Miles stated that a friend had given him a gun in order for Miles to collect money through a gun amnesty program, in which individuals bring firearms to police precincts in exchange for $100.

Miles was then indicted on one count of knowing possession of a firearm under 18 U.S.C. § 922(g)(1). In pre-trial motions, Miles sought various forms of relief, including: (1) dismissal of the indictment under the "innocent possession" defense, or, in the alternative, an order permitting the jury to consider the

defense; (2) dismissal of the indictment on the ground of entrapment by estoppel, or, in the alternative, an order permitting the jury to consider the defense; and (3) suppression of the gun.

Miles asserted that he had possessed the gun solely to turn it in at a police station and argued that the district court should recognize an exception to 18 U.S.C. § 922(g)(1) for innocent possession. Miles also claimed that his federal prosecution was barred because he possessed the gun in reasonable reliance on state and municipal pronouncements regarding guns-for-cash programs and was arrested while en route to take advantage of such a program. Finally, Miles claimed that the gun should be suppressed because, according to Miles, the statute the police noted as the reason for stopping him—N.Y. COMP. CODES, R. & REGS. TIT. 21, § 1050.9(d), which prohibits walking between subway cars—is applicable only while the subway is in motion.

In an order dated September 20, 2012, the district court denied his motions to dismiss the indictment and to suppress the revolver. With respect to Miles's invocation of the "innocent possession" defense, the district court concluded that, even if this were a valid defense, the facts proffered by Miles, if true, would not support such a claim. As for the entrapment-by-estoppel defense, the district

court explained that Miles could not employ the defense because he had not alleged an affirmative representation by a *federal* law enforcement agent. Turning to Miles's suppression argument, the court rejected Miles's reading of the statute and found that there was probable cause to stop him, irrespective of whether the subway was in motion.

On November 13, 2012, following the denial of Miles's motions, Miles waived his right to a jury trial and agreed to a bench trial on stipulated facts. The parties stipulated that Miles was previously convicted of at least one felony offense; that on or about January 19, 2011, in the Southern District of New York, he knowingly possessed a pistol; and that the gun had traveled in interstate commerce prior to the date of his arrest. The bench trial was conducted that same day, and the court found Miles guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

At sentencing, the Probation Office recommended the mandatory minimum sentence of 180 months' imprisonment. In his sentencing submission, Miles argued, among other things, that his 1985 conviction in New York state court for robbery in the third degree did not qualify as a "violent felony" within the meaning of the ACCA. Specifically, Miles claimed that, because the state

court had decided to sentence him under an alternative sentencing scheme that permitted a definite sentence of imprisonment of one year or less, he had technically not been convicted of an offense "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). Miles thus contended that the ACCA did not apply in his case.

The district court did not "buy [Miles's] argument," stating:

> The fact of the matter is for it to be an armed career criminal conduct act, there are only two things required: That there be the use of physical force as an element to the crime and that the crime be punishable by imprisonment for a term exceeding one year. But as the government points out, you are changing punishable by to punished. The point is the statute reads punishable by more than a year. You are saying he didn't get a year, so therefore it is not an armed career criminal act.

(Sentencing Tran. at 3). The court then sentenced Miles to 180 months' imprisonment.

On appeal, Miles argues that the district court erred in denying his pre-trial motions to invoke entrapment by estoppel; in finding that an "innocent possession" defense was unavailable; in finding the police had probable cause to arrest Miles; and in sentencing him under the ACCA. For the following reasons,

we disagree, and AFFIRM the judgment of conviction and sentence of the district court.

## DISCUSSION

"A federal court may preclude a defendant from presenting a defense when 'the evidence in support of such a defense would be legally insufficient.' " *United States v. Williams*, 389 F.3d 402, 404 (2d Cir. 2004) (citing *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990)). We review claims that the district court improperly denied the defendant a defense of entrapment by estoppel under a clear-error standard, *see United States v. Corso*, 20 F.3d 521, 524 (2d Cir. 1994) and review questions of statutory construction *de novo*. *See United States v. Gravel*, 645 F.3d 549, 551 (2d Cir. 2011).

### A. Entrapment-by-Estoppel Defense

An entrapment-by-estoppel defense may arise "where a government agent authorizes a defendant 'to engage in otherwise criminal conduct and the defendant, relying thereon, commits forbidden acts in the mistaken but reasonable, good faith belief that he has in fact been authorized to do so.'" *United States v. Gil*, 297 F.3d 93, 107 (2d Cir. 2002) (quoting *United States v.*

*Abcasis*, 45 F.3d 39, 43 (2d Cir. 1995) (internal alternations omitted)). To make out this affirmative defense, a defendant must show an affirmative assurance from the government that his conduct was legal. *See United States v. Giffen*, 473 F.3d 30, 39 (2d Cir. 2006). Here, Miles creatively argues that his federal prosecution is precluded by representations made to him in connection with state and local government programs offering "cash for guns."

This Court has never explicitly held that a defendant accused of a federal crime must identify a federal official to invoke the defense of entrapment by estoppel. Our sister circuits, however, have widely and unanimously adopted the rule that a defendant charged with violating a federal crime must show reliance on the advice or authority of federal officials or agents to invoke this defense. *See, e.g.*, *United States v. Ormsby*, 252 F.3d 844, 851 (6th Cir. 2001); *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998); *United States v. Rector*, 111 F.3d 503, 505–07 (7th Cir. 1997); *United States v. Spires*, 79 F.3d 464, 466–67 (5th Cir. 1996); *United States v. Caron*, 64 F.3d 713, 715–17 (1st Cir. 1995); *United States v. Collins*, 61 F.3d 1379, 1385 (9th Cir. 1995); *United States v. Etheridge*, 932 F.2d 318, 320–21 (4th Cir. 1991); *see also United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1167 (10th Cir. 1999); *United States v. Stewart*, 185 F.3d 112, 125 n.5 (3d Cir.

1999); *United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995). This unanimity is largely compelled by the understanding that state and local officials cannot "'bind the federal government to an erroneous interpretation of federal law.'" *Gil*, 297 F.3d at 107 (quoting *Ormsby*, 252 F.3d at 851). This strikes us as good sense, and a logical rationale to follow. Accordingly, the district court correctly determined that this defense was unavailable to Miles.

## B. Availability of Innocent Possession Defense

Miles next contends that the district court erred in not entertaining an "innocent possession" defense in his prosecution under § 922(g)(1). This Court has "not decided 'whether to recognize an innocent possession defense in the section 922 (g)(1) context.'" *United States v. Williams*, 526 F. App'x 29, 34 (2d Cir. 2013) (quoting *United States v. White*, 552 F.3d 240, 249 (2d Cir. 2009)). Nonetheless, we have "repeatedly rejected efforts to assert such a defense where the possession was not 'momentar[y],'" *id*. (citing *United States v. Paul*, 110 F.3d 869, 872 (2d Cir. 1997)), or "only for as long as necessary" to deal with a justifying necessity of some kind, *White*, 552 F.3d at 249. Although we do not here announce a new rule, we believe that the district court correctly held that on the facts averred by Miles he would be unable to assert such a defense.

## C. Probable Cause

NYPD officers had the authority to arrest Miles when he passed from one car to another through the end doors. A plain reading of the ordinance, which states simply that "[n]o person may use the end doors of a subway car to pass from one subway car to another except in an emergency or when directed to do so by an authority conductor or a New York City police officer," resolves the matter. N.Y. COMP. CODES R. & REGS. tit. 21, § 1050.9(d). Accordingly, the district court correctly held that there was probable cause to arrest and frisk Miles.

## D. Sentencing Under the ACCA

Finally, Miles argues that, because he was actually sentenced to less than one year for his state court conviction for robbery in the third degree that conviction does not qualify as a "violent felony" under the ACCA. Miles's argument fails under the plain language of the ACCA, which has only two requirements to qualify a state conviction as a violent felony: (1) that the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i); and (2) that it be "*punishable* by imprisonment for a term exceeding one year," *id*. § 924(e)(2)(B) (emphasis added). Miles acknowledges that robbery in the third degree "has as

an element the use, attempted use, or threatened use of physical force," and so has this Court. *United States v. Brown*, 52 F.3d 415, 425–26 (2d Cir. 1995). Miles also recognizes that robbery in the third degree is a "crime punishable"—that is, one that carries with it the potential of punishment—"by imprisonment for a term exceeding one year." These facts alone are enough to affirm Miles's sentence by the district court.

Our precedent does not explicitly state that a conviction for a violent state crime *punishable* by more than a year, even if *actually* punished under an alternative sentencing scheme qualifies as a predicate violent felony under the ACCA. We do so now. Any other reading of the state penal code—including the one urged by Miles—goes against the very structure of the statute: N.Y. Penal Law § 70.00(1) lays out the *framework* of what an indeterminate sentence is; § 70.00(2) lays out the *maximums*—life for Class A felonies, and, as relevant here, seven years for Class D felonies; and § 70.00(3) lays out the *minimums*—at least one year for all indeterminate sentences.

Miles urges us to find that § 70.00(4) contains an alternative maximum, but it does nothing of the sort. Instead, § 70.00(4) is an *alternative to the minimum* of one year in § 70.00(3), which is why it makes sense to say, in the interest of justice

when mitigating factors are present, a "court may impose a definite sentence of imprisonment and fix a term of one year or less." This section is fashioned as an escape hatch from the one-year minimum of § 70.00(3) when a sentence longer than one-year is unjust. In other words, the crime of third-degree robbery is still *punishable* by up to seven years under § 70.00(2), and a judge's election to use the alternative minimum does not change the statutory maximum, which is the relevant ACCA inquiry.

Miles's state conviction for robbery in the third degree thus falls within the ACCA, regardless of what sentence Miles received or why he received it. *See generally Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 112–13 (1983).

We have considered all of Miles's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of conviction and sentencing of the district court is **AFFIRMED**.

## CONCLUSION

The district court's judgment of conviction and sentencing of March 27, 2013 is hereby **AFFIRMED**.