*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee-Cross-Appellant*,

v.

LAWRENCE JOHNSON,

> *Defendant-Appellant-Cross-Appellee.*

18-2358-cr (L)
18-2467-cr (XAP)

_____

For Defendant-Appellant-Cross-Appellee:    CARLA M. SANDERSON, Carla Sanderson Law (Louis M. Freeman, Freeman, Nooter & Ginsberg, *on the brief*), New York, NY.

For Appellee-Cross-Appellant:    IAN C. RICHARDSON (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern of New York (Azrack, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is REMANDED for resentencing, and the conviction is AFFIRMED in all other respects.

Defendant-Appellant-Cross-Appellee Lawrence Johnson ("Johnson") appeals from a judgment entered August 1, 2018, following jury trial, convicting Johnson of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentencing him principally to 96 months' imprisonment and five years of supervised release. Johnson raises numerous challenges to his conviction, arguing (1) that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requires that his conviction be vacated or an order of dismissal entered; (2) that the district court erred in instructing the jury with respect to scienter and the availability of an innocent possession defense; (3) that vacatur of the conviction is required due to prosecutorial misconduct; and (4) that the district court erred in its pretrial evidentiary ruling precluding cross-examination of a police officer witness regarding a Civilian Complaint Review Board ("CCRB") determination. The government cross-appeals, arguing that Johnson must be resentenced in light of this Court's decision in *United States v. Thrower*, 914 F.3d 770 (2d Cir. 2019). For the reasons stated below, we are unpersuaded by Johnson's arguments and agree with the government that resentencing is necessary. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. Johnson's *Rehaif* Arguments

Johnson first contends that, because the indictment failed to allege the knowledge-of-status that *Rehaif* requires to be demonstrated at trial, the district court lacked subject matter jurisdiction

2

over his case. Relatedly, he argues that the indictment's deficiencies amounted to a due process violation because he was never given notice of § 922(g)'s knowledge-of-status requirement.

Neither of these arguments has merit. As an initial matter, Johnson's jurisdictional argument has been squarely foreclosed by this Court's decision in *Balde*. *See United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019) (holding that "the indictment's failure to allege that [the defendant] knew. . . [his § 922(g) status] was not a jurisdictional defect"); *see also United States v. Keith*, 797 F. App'x 649, 651 (2d Cir. 2020). Johnson's due process argument fares no better. "[A]s we have already repeatedly held, an indictment which charges a statutory crime by following substantially the language of the statute is amply sufficient, provided that its generality neither prejudices defendant in the preparation of his defense nor endangers his constitutional guarantee against double jeopardy." *United States v. Palmiotti*, 254 F.2d 491, 495 (2d Cir. 1958) (internal quotation marks omitted). Here, even on the dubious assumption that Johnson's due process argument would otherwise have any merit, he has identified no concrete prejudice stemming from any deficiency in the indictment. While Johnson alludes to the possibility that he would have been better able to prepare for trial had he been made aware in the indictment that his own knowledge of his felon status would need to be shown by the government at trial, he points to no specific defense that he could have raised with respect to this requirement. Indeed, it is patently clear that he would have no such defense. According to the PSR, Johnson had at least four prior felony convictions for which he received lengthy sentences, each well exceeding one year. *See* PSR ¶ 26 (attempted robbery in the second degree; sentence of 18 to 54 months' custody); ¶ 28 (criminal sale of a controlled substance in the third degree; sentence of 6 to 12 years' custody); ¶ 30 (attempted robbery in the second degree; sentence of 42 months' custody); ¶ 31 (criminal possession of a controlled substance with the intent to sell in the fifth degree; sentence of 30

3

months' custody). On this record, it is unsurprising that Johnson cannot point to any concrete prejudice stemming from a lack of notice as to the need for his knowledge-of-status to be shown at trial, and his due process argument therefore fails.

Johnson next challenges the sufficiency of the evidence, arguing that the trial record lacks evidence that could have permitted a reasonable jury to find that the government proved his knowledge of his felon status. Johnson failed to argue in the district court that the evidence was insufficient with respect to his knowledge that he was a felon, and we therefore review his claim solely for plain error. *See United States v. Tagliaferri*, 648 F. App'x 99, 101 (2d Cir. 2016) ("The rule of our Circuit is that a Rule 29 motion that identifies specific grounds for a judgment of acquittal forfeits grounds not raised in that motion." (first citing *United States v. Delano*, 55 F.3d 720, 726 (2d Cir. 1995); then citing *United States v. Rivera*, 388 F.2d 545, 548 (2d Cir. 1968)).

Accordingly, Johnson must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Balde*, 943 F.3d at 96 (internal quotation marks omitted). As this Court made plain in *United States v. Miller*, 954 F.3d 551 (2d Cir. 2020), on the record here, Johnson cannot satisfy the fourth prong of plain error review. Just as in *Miller*, the error did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings," as required in order to grant relief on plain error review; "[t]o the contrary . . . accepting [Johnson's argument] would have that effect." *Id.* at 559 (internal quotation marks and alterations omitted). That is because, as in *Miller*, Johnson "stipulated to his § 922(g)(1) qualifying status," such that "at trial he likely would have sought to exclude, and would have been successful in excluding, the details pertaining to his prior offense as unnecessary and prejudicial embellishment on his stipulation." *Id.* (citing *Old*

4

*Chief v. United States*, 519 U.S. 172, 192 (1997)). Here, too, this Court "will not penalize the government for its failure to introduce evidence that it had but that, prior to *Rehaif*, it would have been precluded from introducing." *Id.* at 559–60. The "reliable evidence in the record on appeal"—specifically, the PSR evidence of Johnson's extensive prior felony convictions and lengthy sentences discussed above—"removes any doubt that [Johnson] was aware of his membership in § 922(g)(1)'s class" and that Johnson "would have stipulated to knowledge of his felon status to prevent the jury from hearing evidence of his actual sentence." *Id.* at 560. The fourth-prong analysis is particularly clear on this record, where the government actually moved *in limine* to be permitted to question the defendant for impeachment purposes, should he choose to testify, regarding his two most recent felony convictions, and Johnson opposed that motion on the ground that his prior convictions were not proper impeachment evidence. Thus, Johnson cannot demonstrate plain error with respect to the sufficiency of the trial evidence.

Finally, to the extent Johnson also challenges the district court's failure to instruct the jury as to the knowledge-of-status requirement, that argument fails for the same reasons. In order to preserve a claim of instructional error, "[a] party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. . . . Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b)." Fed. R. Crim. P. 30(d). Johnson's objections at trial with respect to the instructions on scienter as to the statute's *possession* element did nothing to "direct the trial court's attention to the contention" now "raised on appeal"—namely, a failure to instruct the jury as to scienter with respect to the *status* element. *United States v. Masotto*, 73 F.3d 1233, 1237 (2d Cir. 1996) (internal quotation marks omitted). Accordingly, we review Johnson's argument based on *Rehaif* instructional error for plain error

5

which, as explained above, he cannot demonstrate.   Accordingly, *Rehaif* offers no basis for this Court to vacate Johnson's conviction.

2. Johnson's Jury Instruction Arguments

Johnson next contends that his conviction must be vacated because, in a pretrial ruling, the district court refused to instruct the jury as to an innocent possession defense and because, at trial, the court affirmatively instructed the jury that "[w]ell-meaning possession is not a defense to the charge in this case."   A. 212.   We are unpersuaded.

As to the district court's pretrial ruling, even assuming that the issue was adequately preserved such that our review is *de novo*, we conclude that, in the circumstances of this case, the court did not err in refusing to instruct the jury as to an innocent possession defense.   "A federal court may decline to instruct on an affirmative defense . . . when the evidence in support of such a defense would be legally insufficient."   *United States v. White*, 552 F.3d 240, 246 (2d Cir. 2009) (internal quotation marks omitted).   While this Court has yet to rule definitively on the existence of an innocent possession defense to § 922(g), our prior cases have made clear that the defense is not available "where the possession was not momentary or only for as long as necessary to deal with a justifying necessity of some kind."   *United States v. Miles*, 748 F.3d 485, 490 (2d Cir. 2014) (internal quotation marks, alterations, and citations omitted) (first citing *United States v. Paul*, 110 F.3d 869, 872 (2d Cir. 1997); then citing *White*, 552 F.3d at 249).   As *Paul* makes clear, a "momentary" possession must be fleeting, such as picking up a weapon dropped by a police officer and immediately handing it back to the officer; it thus does not include, as here, carrying a gun down the street for purposes of taking it to a police precinct, particularly when the defendant was in possession of a working cell phone and could have contacted police.   *Paul*, 110 F.3d at 872; *see also Miles*, 748 F.3d at 490.   And *White* further clarifies that a "justifying necessity"

6

must be one involving an imminent danger, such as a threat of serious physical injury or death. *White*, 552 F.3d at 247–48. Johnson points to no such circumstance in this case. Thus, even taking into consideration the facts set forth in Johnson's affidavit, there would have been no evidentiary basis in this case for an innocent possession defense, and the district court's refusal to instruct the jury as to the defense was not error.

Johnson's objection to the court's instruction that "[w]ell-meaning possession is not a defense to the charge in this case" is likewise unavailing. A. 212. We agree with Johnson that his objection was adequately preserved, as defense counsel clearly objected to this language at the charge conference and, contrary to the government's position, did not abandon the objection at the sidebar following summations. While our review is therefore *de novo*, we "will not find reversible error unless the charge either failed to inform the jury adequately of the law or misled the jury as to the correct legal rule." *United States v. Henry*, 888 F.3d 589, 598 (2d Cir. 2018) (internal quotation marks omitted). "We do not review portions of jury instructions in isolation, but rather consider them in their entirety to determine whether, on the whole, they provided the jury with an intelligible and accurate portrayal of the applicable law." *United States v. Ford*, 435 F.3d 204, 210 (2d Cir. 2006) (internal quotation marks and alteration omitted).

Viewed in context, the "well-meaning possession" instruction, far from constituting error, was a necessary antidote to defense counsel's arguments with respect to innocent possession. The language was clearly situated within the district court's instructions as to the possession element of the statute, rather than the status element, and served as the culmination of several sentences explaining that an innocent possession defense was not available in this case. As explained above, the evidentiary record would have been insufficient to support the innocent possession defense even if Johnson had testified at trial consistently with his affidavit; given his

7

decision *not* to testify, the innocent possession defense was plainly without support.[1]   Contrary to Johnson's contention, the challenged instruction did not vitiate the "knowing" *mens rea* requirement with respect to Johnson's conduct; rather, it made clear that, in this case, *motive* could not excuse the defendant's possession of a firearm.   Accordingly, we reject Johnson's objections to the district court's jury instructions.

   3. Johnson's Other Arguments

   Johnson next contends that his trial was fundamentally unfair due to certain statements made by the prosecution in its opening and summations, including stating that it was illegal for a felon to possess a gun for any reason and referring to Johnson's statements to police as a "confession."   He further asserts that the government obtained his conviction through perjured testimony.   These arguments have no merit.   As to the government's allegedly improper comments, Johnson cannot demonstrate, as he must, "(1) that the prosecutor's remarks were improper and (2) that the remarks, taken in the context of the entire trial, resulted in substantial prejudice."   *United States v. Bautista*, 23 F.3d 726, 732 (2d Cir. 1994).   The prosecutors' comments tracked the jury instructions given by the district court and were within the bounds of ordinary advocacy.   Moreover, the supposedly perjured testimony to which Johnson points amounts to nothing more than inconsistencies in the police officer witness testimony which were fully explored in cross-examination and argued as credibility issues to the jury and which, in any event, had no bearing on the jury's determination in light of the unavailability of the innocent possession defense in this case.

---

[1]  Indeed, absent any testimony by Johnson, the only evidence before the jury with respect to the duration of his possession was a police officer's testimony that Johnson had stated he had obtained the gun "a day or two ago."   A. 80.

Equally unpersuasive is Johnson's contention that the district court abused its discretion in precluding cross-examination of a police officer witness regarding a CCRB finding of a false official statement in the course of a CCRB investigation. Federal Rule of Evidence 403 permits the district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006). Here, the district court diligently assessed the probative value of the evidence, found that probative value to be limited, and determined that the minimal probative value was substantially outweighed by a "real risk of distraction" and concerns regarding a potential "trial within a trial." A. 54, 56. This determination was well within the bounds of the court's discretion and therefore was not error.

4. Government's Cross-Appeal as to Sentencing

The government argues that vacatur of the sentence is required in light of this Court's decision in *United States v. Thrower*, 914 F.3d 770 (2019), which was issued approximately six months after sentencing in this case. *Thrower* held that "the New York offense of robbery in the third degree, which like every degree of robbery in New York requires the common law element of 'forcible stealing,' is a 'violent felony'" under the Armed Career Criminal Act ("ACCA") and that "the New York attempted robbery statute, by its own terms, matches the ACCA definition of a 'violent felony.'" *Id.* at 776. Johnson essentially concedes that *Thrower* invalidates the district court's determination that Johnson was not subject to enhanced sentencing under ACCA, arguing only that this Court should reconsider *Thrower*.

9

This panel is bound by the Court's decision in *Thrower,* which, as explained in *Brown v. United States*, 752 F. App'x 108, 109 (2d Cir. 2019), dictates that Johnson's 1985 conviction for attempted second-degree robbery under New York law constitutes a predicate offense for ACCA purposes, rendering the district court's sentence procedurally unreasonable. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Even if this panel were free to reconsider *Thrower*, Johnson's only argument as to why *Thrower* was wrongly decided was recently rejected by this Court in an analogous context. *See Kondjoua v. Barr*, 2020 WL 2758685, at *5 (2d Cir. May 28, 2020) (holding that "[u]sing the unique threat of authorized force in which police officers are cloaked" to exert physical control over a victim "rises to the level of force required to 'overcome a victim's resistance'" under *Stokeling v. United States*, 139 S. Ct. 544 (2019) (quoting *Stokeling*, 139 S. Ct. at 550)). Accordingly, we remand for resentencing under 18 U.S.C. § 924(e)(1).

\* \* \*

We have considered Johnson's remaining arguments and find them to be without merit. Accordingly, we REMAND the case for resentencing, and AFFIRM the conviction in all other respects. The district court is instructed to vacate the judgment and resentence Johnson in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10