PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-5244
Non-Argument Calendar
_____

D. C. Docket No. 96-8019-CR-KLR


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELTON LEE FUNCHES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 24, 1998)**


Before EDMONDSON, COX and DUBINA, Circuit Judges.

**EDMONDSON, Circuit Judge:**

Defendant-Appellant Elton Lee Funches appeals his conviction for possession of a firearm by a convicted felon: 18 U.S.C. §922(g)(1). No reversible error has been shown; we affirm.

To establish a violation of Title 18, United States Code Section 922(g)(1), the government must prove three elements: (i) that the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year, (ii) that the defendant knowingly possessed a firearm or ammunition, and (iii) such firearm or ammunition was in or affected interstate commerce. See United States v. Billue, 994 F.2d 1562, 1565 n.2 (11th Cir. 1993). In this case, no element of the offense is disputed. Instead, Funches argues that the district court erred, as a matter of law, in holding that Funches's proffered defense -- entrapment-by-estoppel – was unavailable.

Funches claims that, when he entered the Florida Department of Corrections ("DOC") to serve his sentence, he was informed that losing his civil rights included the loss of the right to own or

to possess a firearm. Upon release, Funches claims to have inquired specifically about the restoration of his civil rights and was informed by some employee of the DOC that his civil rights were restored automatically upon release. Funches contends that, based on this advice of some unknown DOC employee, he believed he could own firearms and ammunition and that this belief constitutes a defense to the federal crime charged.

On the morning the trial began, Funches filed a proposed jury instruction to the effect that, if the jury found that an official of the State of Florida informed Funches that his civil rights had been restored and also found that Funches believed and relied on that advice in possessing firearms or ammunition, then the jury should vote to acquit. The district court initially expressed skepticism about the availability of the entrapment-by-estoppel defense and later that day, midway through the government's case, denied the instruction. At the conclusion of the government's case, Funches,

based on the court's ruling, declined to present an affirmative defense or witnesses.

Entrapment-by-estoppel is no defense in this case. Entrapment-by-estoppel is an affirmative defense that provides a narrow exception to the general rule that ignorance of the law is no defense. To assert this defense successfully, a defendant must actually rely on a point of law misrepresented by an official of the state; and such reliance must be objectively reasonable -- given the identity of the official, the point of law represented, and the substance of the misrepresentation.

We have recognized that this defense may apply to a section 922 offense -- even though it is a strict-liability offense which ordinarily renders the defendant's state of mind irrelevant. See United States v. Thompson, 25 F.3d 1558, 1563-64 (11th Cir. 1994). But the defense is not applicable where the state incorrectly advises the person and, then, the federal government prosecutes the person. See United States v. Bruscantini, 761 F.2d 640, 642

(11th Cir.1985) (entrapment-by-estoppel defense unavailable in 18 U.S.C. §922 prosecution where state judicial and prosecutorial officials advised defendant that plea of nolo contendre did not constitute felony conviction). The defense of entrapment-by-estoppel, when asserted as a defense to a federal crime, requires reliance on a misstatement by an official or agent of the federal government. See United States v. Rector, 111 F.3d 503, 505-07 (7th Cir. 1997) (advice from town marshal that federal law allowed defendant to possess firearms for hunting insufficient basis for entrapment-by-estoppel instruction); United States v. Spires, 79 F.3d 464, 466-67 (5th Cir. 1996) (to satisfy requirements of entrapment-by-estoppel defense to federal crime, defendant must show reliance on an official or authorized agent of federal government); United States v. Etheridge, 932 F.2d 318, 320-21 (4th Cir. 1991) (embraced reasoning of Bruscantini to reject application of entrapment-by-estoppel defense to section 922 offense raised

by defendant who claimed to rely on affirmative advice of state trial judge that he could possess firearms for hunting).

United States v. Thompson, 25 F.3d 1558 (11th Cir. 1994), relied on by Funches, is not to the contrary. In Thompson, we reversed the district court because it erroneously concluded that the entrapment-by-estoppel defense could not be viable in a section 922 prosecution and excluded evidence in support of the defense: acts and statements allegedly made by FBI agents, an assistant United States attorney, ATF officers and other local and federal law-enforcement officials. In contrast, no federal official or agent is alleged to have misled Funches.

But, Funches argues that, even if it was not error to deny the entrapment-by-estoppel instruction, he nonetheless should have been permitted to present the defense to the jury. By introducing evidence that Funches was monitoring a police scanner when the police executed the search warrant of his dwelling, Funches argues the government injected an issue of felonious "intent" or

"state of mind" into the case. As a matter of fairness, Funches contends, he should have been allowed to "complete the story" and to rebut the implication that he knew he was violating the law by possessing firearms.[*]

Because section 922 is a strict-liability offense, the government did not need to introduce the police-scanner evidence; no need existed to establish that Funches did know that his firearms possession was unlawful. Perhaps introduction of this evidence (which was objected to by the defense) was in error, although Funches declines specifically to argue harmful error in

---

[*]While it is entirely clear that the district court denied Funches his requested entrapment-by-estoppel instruction, it is not so clear that the court prevented Funches from testifying about the circumstances upon which he based his understanding that his acts were lawful. The defense decided to put on no case as soon as the district court ruled on the defense's requested instruction; defense counsel merely proffered for the record the facts upon which Funches based his claim to the defense. While the court reiterated that Funches could not use that defense, the record reflects no request or effort to introduce evidence to counter inferences arising from the scanner evidence and reflects no flat denial of Funches's testimony.

his briefs.  Instead he argues that the government's introduction of the scanner evidence inserted the element of "knowledge of criminality" into the case and that the trial court abused its discretion in, thereafter, precluding him from placing this evidence in "context."

Funches, however, cites us to nothing in the record suggesting this "context" theory for admitting Funches's testimony was argued before or rejected by the trial court. Moreover, unlike the instant appeal, the cases relied on by Funches – finding reversible error based on excluded evidence that would "complete the story" – involved inferences that were highly significant to a material element of the case. See generally United States v. Word, 129 F.3d 1209 (11th Cir. 1997) (abuse of discretion to exclude evidence of abusive relationship where government argued inference of defendant's knowledge from romantic relationship); United States v. Todd, 108 F.3d 1329 (11th Cir. 1997) (abuse of discretion to exclude evidence supporting

8

good faith defense where government conceded good faith was viable defense); <u>United States v. Sheffield</u>, 992 F.2d 1164 (11th Cir. 1993) (abuse of discretion to exclude evidence to explain defendant's acts which supported legitimate defense theory); <u>United States v. Lankford</u>, 955 F.2d 1545 (11th Cir. 1992) (abuse of discretion to exclude evidence of good faith defense to crime requiring specific intent).

Funches correctly notes that, given the evidence presented to the jury, the jury had no reason to acquit him. Had the jury heard (beyond the defense's outline in its opening statement) of Funches's claims that he thought his firearms possession was lawful, the jury nonetheless would have lacked a reason in law not to convict. The elements of the crime charged were proved by overwhelming evidence. The uncontradicted facts and the applicable law left Funches, in reality, without a viable defense.

Piercing through the form of Funches's arguments, it appears that his real contention is that he had a due process right to

9

present evidence the only relevance of which is to inspire a jury to exercise its power of nullification. As Justice Holmes recognized long ago, "the jury has the power to bring in a verdict in the teeth of both law and facts." <u>Horning v. District of Columbia</u>, 41 S.Ct. 53, 54 (1920). But, while the federal courts acknowledge the jury's de facto <u>power</u> to refuse to apply the law as instructed by the court, exercise of such power is in dereliction of the jury's sworn <u>duty</u>. <u>See</u> <u>United States v. Trujillo</u>, 714 F.2d 102, 105 (11th Cir. 1983).

Juries sometimes assume the power of nullification; still, nullification is no <u>right</u> of the jury. Instead, the absence of remedial procedures by which the government may appeal an acquittal "permits juries to acquit out of compassion or compromise or because of their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." <u>Standefer v. United States</u>, 100 S.Ct. 1999, 2007 (1980) (internal quotations and citations omitted). Or, as expressed by the District of Columbia Circuit:

> A jury has not more "<u>right</u>" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

<u>United States v. Washington</u>, 705 F.2d 489, 494 (D.C. Cir. 1983).

In <u>Trujillo</u>, 714 F.2d at 105-06, we concluded that a criminal defendant is unentitled to a jury instruction which alerts the jury of its de facto power and, further, that defense counsel may not argue jury nullification during closing argument. Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence. See <u>Zal v. Steppe</u>, 968 F.2d 924, 930-31 (9th Cir. 1992) (Trott, concurring) (no right to present evidence that is irrelevant to a legal defense); <u>United States v. Gorham</u>, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (affirming trial court's refusal to admit evidence bearing no legal relation to the charges but which might encourage a "conscience

verdict" of acquittal), <u>supplemented by</u>, 536 F.2d 410 (D.C. Cir. 1976); <u>United States v. Lucero</u>, 895 F. Supp. 1421, 1426 (D.Kan. 1995) ("defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke finder of fact to disregard the law"). <u>Cf.</u> <u>United States v. Horsman</u>, 114 F.3d 822, 829 (8th Cir. 1997)(no violation of defendant's substantial rights where only possible deprivation suffered was possibility of jury nullification), <u>petition</u> <u>for</u> <u>cert.</u> <u>filed,</u> (U.S. Sept. 4, 1997) (No. 97-5872).

No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant.

AFFIRMED.