[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10788
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00292-CR-KOB-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WINSTON TYRONE ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 9, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In July 2004, Winston Tyrone Robinson was indicted for possession of a

firearm by a convicted felon on October 5, 2001, in violation of 18 U.S.C. § 922(g)(1). Prior to trial, the Government moved the district court in limine to limit Robinson's presentation to the jury of evidence relating to Robinson's state of mind and in support of an entrapment-by-estoppel defense. At the hearing on the motion, the Government contended that although Robinson had received pardons for his previous felony convictions, the first pardon, in 1997, did not specifically restore his right to carry a firearm, and the second pardon, in 2003, was irrelevant because it came long after he committed the instant offense. After hearing what Robinson had to say, the court granted the Government's motion.

Robinson thereafter pled guilty to the charged offense under a plea agreement in which he waived his right to appeal his sentence (with exceptions not relevant here) but reserved the right to challenge the court's decision granting the Government's motion in limine. The court then sentenced Robinson to a prison term of 30 months. He now appeals both his conviction and sentence.

Robinson challenges his conviction on the ground that the court abused its discretion when it granted the Government's motion to exclude his presentation of evidence that would have shown that he had no intention to violate the law but, instead, tried to comply with the law by receiving a pistol permit and a pardon of his prior offense. We are not persuaded.

Section 922(g) states that it is unlawful for a person who has been convicted of a felony in any court to possess a firearm "in or affecting [interstate] commerce." 18 U.S.C. § 922(g)(1). Because possession of a firearm by a convicted felon, under § 922(g), is a strict liability offense, the defendant's state of mind usually is irrelevant. United States v. Bell, 214 F.3d 1299, 1300 (11th Cir. 2000). Nonetheless, entrapment-by-estoppel may be interposed as a defense to a charge of violating § 922. United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998). A defendant is excused from criminal liability under such defense where "a government official incorrectly informs a defendant that certain conduct is legal, the defendant believes the government official and is then prosecuted for acting in conformity with the official's advice." United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998). If this defense is asserted for the commission of a federal crime, the defendant must have relied upon a statement by an official or agent of the federal government. Funches, 135 F.3d at 1407.

Robinson failed to establish the elements of the defense of entrapment-by-estoppel. Consequently, the court did not abuse its discretion in granting the Government's motion in limine, and his conviction is affirmed.

Robinson challenges his sentence on the ground that the court clearly erred in denying him a three-level reduction of his base offense level for acceptance of

3

responsibility, instead of the two-level reduction that he was granted. He presents this challenge despite the appeal waiver that was part of his plea agreement. We review an appeal-of-sentence waiver provision de novo. United States v. Weaver, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). Sentence-appeal waivers are valid if they are entered into knowingly and voluntarily, with the defendant aware both that he had a right to appeal his sentence and that he was giving up that right. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). To show that Robinson's waiver was knowing and voluntary, the Government had to show either that: (1) the sentencing court questioned Robinson regarding the waiver during the plea colloquy; or (2) the record indicates that he understood the significance of the waiver. Id. at 1351.

We conclude that the waiver in this case (of the ground here asserted) is enforceable. We therefore do not address the question of whether the court should have granted the base-offense-level reduction he requested.

Robinson's conviction and sentence are

AFFIRMED.