[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2006
THOMAS K. KAHN
CLERK

No. 05-16123
Non-Argument Calendar

_____

D. C. Docket No. 04-21006-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY HINTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 18, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Billy Hinton appeals his conviction and sentence for importation of 500

grams or more of cocaine, in violation of 21 U.S.C. § 952(a).  Hinton contends (1)

that he was denied his Fifth Amendment right to an impartial and properly

instructed grand jury in that an erroneous jury instruction undermined the grand

jury's role; (2) the modified Allen[1] charge the court gave the jury was coercive

under the circumstances given that the jurors were presented with a simple and

straightforward case and the elements of the crimes charged were conceded, except

for the issue of knowledge; and (3) the district court erred in determining the

Guidelines sentence range by refusing to adjust his base offense level under

U.S.S.G. § 3B1.2 for playing a minor role in the offense conduct.

I.

We review a district court's denial of a motion to dismiss an indictment for

abuse of discretion.  United States v. Pielago, 135 F .3d 703, 707 (11th Cir. 1998).

Harmless error doctrine presents a mixed question of law and fact subject to de

novo review and is applicable where nonconstitutional errors are shown.  Duest v.

Singletary, 997 F.2d 1336, 1338-39 (11th Cir. 1993).

The Fifth Amendment states: "No person shall be held to answer for a

capital, or otherwise infamous crime, unless on a presentment or indictment of a

Grand Jury" U.S. Const. amend. V.  "A grand jury need find only that there is

---

[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

probable cause to believe that a crime was committed and that the defendant was the party who committed the crime." United States v. Jennings, 991 F.2d 725, 729 (11th Cir. 1993).

In Vasquez v. Hillery, 474 U.S. 254, 260-62, 106 S.Ct. 617, 622-23, 88 L.Ed.2d 598 (1986), the Supreme Court held that absent a constitutional challenge to the selection and composition of a grand jury, setting aside a conviction based on a non-constitutional or rule violation in the grand jury proceeding was not required. See also Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181 (1946). Because Hinton does not allege an error in the selection or composition of the grand jury, we do not presume prejudice.

A revised model grand jury charge approved by the Judicial Conference of the United States in 2005, states and in relevant part:

> The cases which you will hear will come before you in various ways. Frequently, suspects are arrested during or shortly after the commission of an alleged crime, and they are taken before a Magistrate Judge, who then holds a preliminary hearing to determine whether there is probable cause to believe that the person has committed a crime. If the Magistrate Judge finds such probable cause, he or she will direct that the person be held for the action of the Grand Jury so that you can independently consider whether there should be an indictment. . . .
>
> If the facts suggest that you should not indict, then you should not do so, even in the face of the opposition or statements of the government attorney. You would violate your oath if you merely "rubber-stamped" indictments brought before you by the government

3

representatives.

Hinton informed the district court that he was not seeking jury nullification; he acknowledged the general rule that a jury does not enjoy a right to nullify criminal laws. United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998) (petit jury case).

In United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938, 941-42, 89 L.Ed.2d 50 (1986), a case addressing the defendant's challenge to the indictment based on an alleged procedural error before the grand jury, the Supreme Court held that the petit jury's subsequent guilty verdict rendered any error in the grand jury proceeding harmless. In Bank of Nova Scotia v. United States, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988), the Court reviewed a similar challenge, and held that the "dismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Id., 487 U.S. at 256, 108 S.Ct. at 2374 (emphasis added; internal quotations omitted); see also United States v. Elliott, 849 F.2d 554, 557 (11th Cir. 1988).

With one immaterial exception, the Model Grand Jury Charge approved by the Judicial Conference is almost identical to the charge the court gave the grand

4

jury that indicted Hinton. There is no indication in the record that the challenged instruction substantially influenced the grand jury's decision to indict, nor is there is "grave doubt" that the decision to indict was not free from the substantial influence of such violations. See Bank of Nova Scotia, 487 U.S. at 256, 108 S.Ct. at 2374. We note that Hinton cites no case law in support of his challenge to the grand jury instruction. We therefore find nothing in the record that would suggest that the district court abused its discretion in denying Hinton's motion to dismiss the indictment. See Pielago, 135 F .3d at 707.

II.

Our review of "a district court's decision to give an Allen charge is limited to evaluating the coercive impact of the charge." United States v. Trujillo, 146 F.3d 838, 846 (11th Cir.1998). When the district court does not poll the jurors prior to giving the Allen charge, we will reverse only if we find that "the giving of the Allen charge was inherently coercive." Id. In Allen, the Court upheld an instruction urging the jury to reach a verdict. United States v. Rey 811 F.2d 1453, 1458 (11th Cir. 1987). Since Rey, we have upheld the use of the Allen charge on several occasions. Id. In addition, "inconsistent verdicts do not open a conviction on a particular count to attack." United States v. Kramer, 73 F.3d 1067, 1071 n.7 (11th Cir. 1996); United States v. Hope, 901 F.2d 1013, 1020 n.12 (11th Cir.

5

1990).

We acknowledge that the challenged instruction included a request that jurors reconsider their positions. The court, however, also told them that no juror should give up an honest belief. See Trujillo, 146 F.3d at 846-47. The court's instructions would not lead a reasonable juror to believe that either the majority's or minority's version was the correct one, or that the court sought a guilty verdict.

That the jury returned what could be considered inconsistent verdicts – by acquitting Hinton on the possession with intent to distribute count – is not an adequate ground for reversal. See Hope, 901 F.2d at 1020 n.12. In short, a split verdict does not open a conviction on a particular count to attack. See Kramer, 73 F.3d at 1071 n.7. In sum, we find no evidence of coercion flowing from the modified Allen charge. See Trujillo, 146 F.3d at 846.

## III.

The district court's determination of a defendant's role in the offense is a finding of fact reviewed for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939. In determining the defendant's role, the decision falls within the sound discretion of the district court: "a trial court's choice between

6

'two permissible views of the evidence' is the very essence of the clear error standard of review." Id. at 945. As long as the district court's decision is supported by the record, the sentencing judge need not make specific subsidiary factual findings regarding the defendant's role in the offense. Id. at 939.

The Guidelines provide for a downward adjustment of two to four levels based on a defendant's role in an offense. U.S.S.G. § 3B1.2. There is a "range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). A four-level adjustment for a minimal participant is warranted for "defendants who are plainly among the least culpable . . . of a group." U.S.S.G. § 3B1.2 comment. (n.4). A two-level adjustment for a minor role is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The determination of whether to apply the adjustment is a fact-based determination, and the court need not apply the adjustment "based solely on the defendant's bare assertion." U.S.S.G. § 3B1.2, comment. (n.3©); see United States v. Kapelushnik, 306 F.3d 1090, 1095 (11th Cir. 2002) (holding that defense counsel's mere allegations during sentencing did not constitute a sufficient evidentiary basis upon which to grant a downward departure under the Sentencing

Guidelines).

In De Varon, we established a two-part test to determine whether a mitigating-role adjustment is appropriate. De Varon, 175 F.3d at 940-45. The first prong is the defendant's role in the relevant conduct, and the second is the defendant's role compared to other participants in the relevant conduct. Id. at 940. In applying the first prong, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to [him] in calculating [his] base offense level." Id. at 941. Thus, the court may only consider criminal conduct for which the defendant was held accountable. Id. For a drug offense, the court may not consider the "greater drug conspiracy," but only the conduct that determined the defendant's base offense level. Id. at 942.

"[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. Furthermore, "in the drug courier context . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943 (citation omitted). Thus, the quantity of drugs in the courier's possession may be the best indication of a defendant's role in the offense, and, in some cases, the amount of drugs may be dispositive. Id.

8

In the second prong of the De Varon analysis, the district court can also assess a defendant's relative culpability vis-a-vis "other participants in the relevant conduct." Id. at 944. The district court may only consider participants who are "identifiable or discernable from the evidence," and "[t]he conduct of participants in any larger criminal conspiracy is irrelevant." Id. Even if a defendant's role is "less than that of other participants engaged in the relevant conduct" he may not be entitled to an adjustment because, in some cases, there are no minor or minimal participants. Id. To apply the adjustment, the district court must find that "the defendant was less culpable than most other participants in [his] relevant conduct." Id.

The district court did not clearly err in finding that Hinton did not play a minor role in the instant offense, and that he was not less culpable compared to the other participants. With respect to the first prong of De Varon, Hinton's argument that his role was minor compared to the larger drug conspiracy is without merit because the only facts relevant are those surrounding the transport of approximately two kilograms of cocaine found in his possession. In addition, the large quantity of drugs, approximately two kilograms of cocaine with a street value in excess of $33,000, supports the finding that Hinton was not a minor participant. Under the second prong of De Varon, there were no findings as to what

9

participation, if any, other participants had in the drug transportation scheme. For these reasons, the district court did not clearly err in refusing to grant Hinton a minor-role adjustment.

AFFIRMED.