[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-14655
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00049-CR-2-SLB-RRA

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

LARRY JERRELL SMITH,
a.k.a. Andre Williams,
a.k.a. Andre Woods,
a.k.a. Andre Smith,

                                        Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------

**(August 21, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Defendant Larry J. Smith ("Defendant") appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant contends that his conviction is insufficiently supported by the evidence and was based on irrelevant and prejudicial evidence. No reversible error has been shown; we affirm.

To show that Defendant violated section 922(g)(1), the Government must prove "(i) that the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year, (ii) that the defendant knowingly possessed a firearm or ammunition, and (iii) such firearm or ammunition was in or affected interstate commerce." United States v. Funches, 135 F.3d 1405, 1406-07 (11th Cir. 1998). The only element in dispute here is Defendant's knowing possession of a firearm. We review the sufficiency of the evidence supporting this element de novo, viewing the evidence in the light most favorable to the Government. United States v. Brown, 53 F.3d 312, 313 (11th Cir. 1995).

Defendant and a co-defendant, Kelody Jackson ("Jackson"), were apprehended and arrested after police pursuit. One of the pursuing officers, Officer Nekia Foney, testified at trial that, after Defendant and Jackson climbed over a fence, she saw Defendant stop and reach back or make a movement back towards the fence before continuing to flee. Officer Foney stated that, when she

went back to the area near the fence after Defendant's apprehension, she found a cell phone and handgun lying close together on the ground. Defendant later admitted that the cell phone was his and had fallen out of his pocket when he jumped over the fence. Defendant alleged, however, that Jackson had climbed over the fence right beside him and had been carrying the gun.

On appeal, Defendant contends that the evidence was insufficient to support a finding that he knowingly possessed the gun because (1) Officer Foney was the only witness who tied him to the firearm; (2) Officer Foney did not see him with it, but rather found the firearm in the same general area where both Defendant and Jackson climbed over the fence; and (3) the testimony of Officer Foney and Officer Deed did not correspond to the official incident report.[1] We disagree.

Not only does the circumstantial evidence of the testifying officers reasonably support the inference that Defendant had the gun in his possession when he went over the fence, but Defendant also testified on his own behalf, and the jury was entitled to reject his version of the facts as a fabrication. See United States v. Vasquez, 53 F.3d 1216, 1225 (11th Cir. 1995). And, "a statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of

_____

[1]Officer Foney and another pursuing officer, Officer Barry Deed, both testified that Defendant and Jackson separated and fled in different directions after clearing the fence. The incident report did not indicate that Defendant and Jackson had separated at any time.

the defendant's guilt." Brown, 53 F.3d at 314. Thus, because "some corroborative evidence of guilt exists for the charged offense . . . and the defendant t[ook] the stand in his own defense, the defendant's testimony, denying guilt, . . . establish[es], by itself, elements of the offense," especially as the element at issue here involves Defendant's subjective knowledge. Id. at 314-15.

Defendant next contends that the district court erred by allowing the Government to introduce evidence that, on the day of Defendant's arrest, an ongoing investigation linked the gun to a serious crime. Defendant argues that this information was irrelevant and highly prejudicial; he further contends that this prejudice was enhanced by (1) the trial testimony of Officer Bynum, who violated the district court's order by testifying that the ongoing investigation involved a shooting; and (2) the Government's cross-examination of Defendant, in which Defendant was asked if he knew that the gun was involved earlier in a serious crime. We review the district court's evidentiary rulings for abuse of discretion, reversing only if the error affects a defendant's substantial rights. United States v. Delgado, 321 F.3d 1338, 1347 (11th Cir. 2003). Fed. R. Evid. 403 provides that "relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." "Only if the decision to admit evidence over a Rule 403 challenge is unsupportable when the evidence is viewed

4

in the light most supportive of the decision will we say that the decision constitutes an abuse of discretion." United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003).

The district court did not abuse its discretion by allowing testimony that an investigation into a serious crime was ongoing. As the district court concluded, testimony of the ongoing surveillance was relevant to explain to the jury the large scope of the police pursuit, which was initiated because the car driven by Defendant – a car under surveillance -- had a switched tag. See United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992) (stating that evidence of a defendant's connection to other crimes or acts is admissible when "inextricably intertwined with evidence of his firearm possession" and is "necessary to complete the story of the crime"). And, although the testifying officer violated the district court's order by mentioning that the serious crime under investigation was a shooting, any resulting prejudice was minimized by the district court's curative jury instruction, in which the court stated that Defendant was "not under investigation for a shooting," and by the lack of evidence indicating that Defendant was previously involved in a shooting. See United States v. Harriston, 329 F.3d 779, 787 n.4 (11th Cir. 2003) (per curiam) (noting that, when a curative

instruction has been given, we will reverse only if the evidence is "highly prejudicial")

And the district court did not err by allowing the Government to cross-examine Defendant on his knowledge of the link between the gun and a serious crime: evidence pertaining to his motive to lie was relevant to his credibility. Given the introduction of other untainted evidence that sufficiently proved Defendant's connection with the gun, reversal of Defendant's conviction is not warranted. See Fortenberry, 971 F.2d at 722 ("A district court's erroneous admission of evidence does not warrant reversal if the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict.")

We conclude that sufficient evidence supports Defendant's conviction under 18 U.S.C. § 922(g)(1) and that the district court did not erroneously admit prejudicial evidence. Therefore, we affirm Defendant's conviction.

**AFFIRMED.**