[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12107

_____

D. C. Docket No. 06-00256-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAYICO ALPHONSO GOLDEN,
a.k.a. Majico Golden,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 30, 2008)**

Before BIRCH and FAY, Circuit Judges, and HINKLE,* District Judge.

PER CURIAM:

_____

*Honorable Robert L. Hinkle, United States District Chief Judge for the Northern District
of Florida, sitting by designation.

Mayico Alphonso Golden appeals his conviction and 90-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Golden argues that (1) his plea was either conditional or not knowing and voluntary and that he ought to be able to appeal the court's ruling as to his entrapment-by-estoppel defense; (2) the court erred in considering the credibility of his testimony regarding his entrapment-by-estoppel defense at sentencing; and (3) the court further erred in enhancing his sentence based on obstruction of justice and failure to accept responsibility.   We AFFIRM.

## I. BACKGROUND

A federal grand jury charged that Golden, a convicted felon, knowingly possessed a firearm on 27 December 2005.  In the course of the case, the government filed a motion in limine, seeking to prevent Golden from arguing that the police acted improperly toward him.  Golden opposed the government's request, to the extent that it would prevent him from demonstrating that his state probation officer had authorized him to sell the gun in question in order to pay down his outstanding state fines,[1] and he requested a jury charge on entrapment-by-estoppel.  Partially granting the government's motion, the district court

---

[1] At the time Golden was found in possession of the firearm, he was on probation for driving with a suspended license, no proof of insurance, operating a vehicle with an improper tag, and loud music, for which he was required to pay fines.

determined that Golden's argument "amount[ed] to an irrelevant 'mistake of law' defense," and held that evidence of the state probation officer's statements to Golden was inadmissable under Federal Rule of Evidence 402, because it was not relevant. R1-39 at 2.

Based on the district court's ruling, and under the assumption that the court also would deny his requested jury instruction on entrapment by estoppel, Golden entered into a plea agreement with the government. The plea agreement did not provide that he could appeal the district court's order denying the entrapment-by-estoppel defense. During the plea hearing, discussion of appeal was limited to the following. In the course of explaining Golden's rights prior to a plea, the district court told Golden that many prisoners receive the assistance of a jail house lawyer in filing "motion[s] for an appeal," to which Golden replied "I'm not going to follow with that." R2 at 25. The court also told Golden that his chances of winning an appeal were not very good, and Golden replied, "Yes, sir. I wasn't even going to waste your time with nothing like that, sir." Id. The district court, nevertheless, informed Golden that he did have the right to an appeal.

At the same hearing, Golden testified to the following. On 27 December 2005, he received a call from his state probation officer, who told him to bring in $500, or she would have him arrested. Later that day, Golden and his mother were

3

cleaning their house, and they discovered a rifle in a closet. Golden called his probation officer and asked her to come pick it up, but she told him to sell the rifle and use the money towards his outstanding fines. Golden took the rifle to a pawnshop, where he informed the pawnshop employee that he was a convicted felon. The employee told Golden that the pawnshop could not buy the rifle unless it obtained permission from Golden's probation officer. Golden called his probation officer, who again gave him permission to sell the gun. He sold the rifle and took the $25 to his probation officer. Based upon Golden's testimony, the district court found that there was a factual basis for the plea and accepted it.

Following Golden's guilty plea, the district court entered a written order, clarifying its earlier ruling on the government's motion in limine. Noting that entrapment by estoppel is an exception to the general rule that ignorance of the law is no defense, it nevertheless found that the exception was not available to Golden under Eleventh Circuit precedent, because it was his state probation officer, rather than a federal agent, who had erroneously told him to sell the gun. Notwithstanding this ruling, the court stated that, "[i]f Golden's allegations are true . . . it hardly seems correct to charge him with a crime," as "state probation officers act as quasi-liaisons to the federal criminal system." R1-42.

4

The presentence investigation report ("PSI") calculated Golden's total adjusted offense level as 22, which included a two-level enhancement, pursuant to U.S.S.G. § 3C1.1 (2006), for obstruction of justice, based on the probation officer's conclusion that Golden had perjured himself during the plea hearing when he testified that his state probation officer had given him permission to sell the gun. For the same reason, the probation officer concluded that Golden was not entitled to an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1. Golden objected to both of these aspects of the calculation.

At the sentencing hearing, Golden first argued that it was a due process violation for the district court to hear evidence on the issue of whether his state probation officer had given him permission to sell the gun after the court had ruled that the evidence was inadmissable during the guilt phase. The court, however, heard the evidence.

Golden's state probation officer testified that she had not called Golden on the morning of 27 December 2005. She also stated that Golden had not called her at any time during that day, and that she had never given him permission to sell a gun. The officer did confirm that Golden made a $25 payment that afternoon. Finally, she confirmed that it was her responsibility to report probationers who violated the law, whether state or federal. The pawnshop employee testified that he

did not remember the transaction with Golden, but that he would have remembered if someone had come in with a firearm and stated that he was a convicted felon, since that would have been such an unusual occurrence.

Golden testified, repeating his previous account of the events of 27 December. He added that, while he was in the pawnshop, he had actually made three calls to his probation officer: (1) the first call went to the probation officer's answering machine; (2) the second call was dropped; and (3) during the third call, he talked to the officer, who gave him permission to sell the gun. He further testified that, as he was leaving the pawnshop, he had called his probation officer once again to let her know that he was bringing the $25. Golden introduced the phone records for his cell phone, which showed that he had called his probation officer's office several times on 27 December 2005, around the times he testified that he had called her.

The district court found the testimony of the pawnshop employee and the probation officer more credible than Golden's, and it ruled that Golden wilfully made materially false statements to the court. More specifically, the court stated that it found the pawnshop employee to be "very believable, very credible" and Golden to be very "devious" and "glib." R3 at 128, 129. The district court then sentenced Golden to 90 months in prison and a $2,000 fine.

6

## II. DISCUSSION

A.    Entrapment-by-estoppel Defense

On appeal, Golden first argues that the district court erred in denying his request to charge on entrapment by estoppel, despite his having entered an unconditional guilty plea.  More specifically, he argues that, based on his Rule 11 plea colloquy, he reasonably believed that he had preserved the entrapment-by-estoppel issue for appeal, and thus, pursuant to United States v. Pierre, 120 F.3d 1153 (11th Cir. 1997), his plea had not been knowing and voluntary.

Federal Rule of Criminal Procedure 11(a)(2) states: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."  Fed. R. Crim. P. 11(a)(2). We have held that Rule 11(a)(2) requires express consent from the government before a defendant can conditionally plead guilty.  Pierre, 120 F.3d at 1156. Silence by the government, following a district court's statement, during a Rule 11 hearing, that the defendant has the right to appeal, is insufficient to preserve the issue.  Id.  However, if a defendant enters a guilty plea on the reasonable, but mistaken, belief that he has preserved an issue for appeal because of the district court's statements, then the defendant's "plea was, as a matter of law, not knowing

7

and voluntary," and the defendant's conviction must be vacated and remanded for him to plead anew. Id. at 1156.

In Pierre, the issue was whether the defendant had preserved a challenge based on speedy trial issues. Pierre's plea colloquy, "unequivocally indicate[d] that Pierre intended to plead guilty on the condition that – and only after having been assured by the district court judge that – he had preserved the speedy trial issues for appeal." Id. at 1155. Additionally, Pierre's counsel also explicitly tried to preserve the issue during the plea hearing. Id.

Golden's plea colloquy, on the other hand, contains no express representations, by the district court, Golden, or his counsel, that Golden, in entering his guilty plea, intended to or was preserving the entrapment-by-estoppel issue for appeal. Instead, Golden and his counsel stated only that Golden was pleading guilty because of the district court's denial of his request to charge, and that Golden disagreed with the court's ruling. The district court then informed Golden, "I don't know whether you have other defenses. But if you plead guilty, you are giving up those defenses." R2-46 at 24. When the district court raised the prospect of an appeal, Golden said, "I'm not going to follow with that" and "I wasn't even going to waste your time with nothing like that, sir." Id. at 25. Thus, Golden, if anything, indicated that he was not going to appeal. Further, the district

8

court never affirmatively advised Golden that he was preserving his entrapment-by-estoppel issue.

In United States v. Lejarde-Rada, we similarly distinguished Pierre, observing that, "[Pierre] involved a defendant who not only reasonably believed but was also affirmatively misinformed by the court he would be allowed to appeal an issue that his guilty plea waived. By contrast, Lejarde-Rada was not misinformed of anything, and there is no indication that he reasonably believed that he could appeal the court's refusal to depart downward." 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam) (citation omitted). As in Lejarde-Rada, Golden's case is materially different from Pierre, and Golden's reliance thereupon is to no avail. Golden knowingly, voluntarily, and effectively waived his right to appeal the district court's ruling as to an entrapment-by-estoppel defense.[2]

B.    Due Process

Golden next argues that the district court violated his due process rights by denying him the right to make an entrapment-by-estoppel defense, but allowing the government to present evidence, during sentencing, that he had lied to the court

---

[2]In any event, as the district court properly noted, Golden's entrapment-by-estoppel issue lacks merit under our binding precedent. See United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998); United States v. Bruscantini, 761 F.2d 640, 641-42 (11th Cir. 1985), superseded by statute on other grounds, see United States v. Fernandez, 234 F.3d 1345, 1347 n.2 (11th Cir. 2000) (per curiam).

9

regarding the facts that he claimed established entrapment by estoppel. Golden maintains that, if the evidence on this issue was legally irrelevant during the guilt phase of his proceedings, it also was irrelevant during sentencing. Additionally, Golden asserts, based on United States v. Thompson, 25 F.3d 1558 (11th Cir. 1994), that a jury should make the findings of fact regarding an entrapment-by-estoppel defense, not the district court.

We review constitutional challenges – such as a due process argument – de novo. United States v. O'Keefe, 461 F.3d 1338, 1346 (11th Cir. 2006), cert. denied, __ U.S. __, 127 S. Ct. 1308 (2007). In the Eleventh Circuit, an entrapment-by-estoppel defense is only available when the defendant has relied upon a federal official's misstatement of the law. United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998). However, a district court may "consider any information . . . regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005). Additionally, according to the Sentencing Guidelines, a court may consider any relevant information "without regard to its admissibility under the rules of evidence" when resolving disputed

10

facts important to a sentencing determination. U.S.S.G. § 6A1.3(a), p.s. The Guidelines allow for a two-level enhancement if the defendant willfully obstructs or impedes justice. U.S.S.G. § 3C1.1. An obstruction of justice enhancement is appropriate when the defendant perjures himself. United States v. Singh, 291 F.3d 756, 762-63 (11th Cir. 2002).

On this point, Golden conflates two separate issues – (1) whether he could raise an entrapment-by-estoppel defense, and (2) whether he perjured himself during the Rule 11 hearing – because the evidence is the same for both. As noted, the district court correctly ruled that the entrapment-by-estoppel defense was unavailable to Golden, thus making the issue of whether or not his state probation officer gave him permission to sell the gun irrelevant during the conviction phase. See Funches, 135 F.3d at 1407. This did not, however, make the evidence irrelevant during the sentencing phase because there was a different issue under consideration: whether Golden had committed perjury. See Baker, 432 F.3d at 1253. This was a relevant issue for the district court to consider during sentencing because, if Golden had lied, an obstruction of justice enhancement might be appropriate. See Baker, 432 F.3d at 1253, Singh, 291 F.3d at 763. Additionally, at the sentencing hearing, the district court made explicit findings that the probation officer and pawnshop employee were more credible than Golden. Further, Golden

had the opportunity to testify on his own behalf, to introduce phone records to support his claims, and to cross-examine the probation officer and pawnshop employee. See Baker, 432 F.3d at 1253; R3 at 15-38, 44-52, 55-71, 130. Accordingly, we see no substantive or procedural due process problem.

Finally, Thompson does not support Golden's due process claim. In Thompson, the defendant sought to raise an entrapment-by-estoppel defense, claiming that federal agents gave him immunity to possess a firearm. 25 F.3d at 1560-62. Following a motion by the government to prevent Thompson from raising the defense, the district court heard Thompson's testimony in camera but then ruled that he could not raise the defense because entrapment by estoppel was not a permissible defense in § 922 cases. Id. at 1563. We concluded that, if proffered testimony as to an entrapment-by-estoppel defense has any relevance to such a defense, it is for the jury to hear and weigh the evidence – in that case, to decide whether the government's grant of immunity actually included allowing the convicted felon to possess a firearm. Id. at 1564, 1565.

First, unlike in Thompson, even if Golden's testimony were all true, because his probation officer was a state rather than a federal agent, his testimony was irrelevant to an entrapment-by-estoppel defense. Second, the issue here is whether the district court could determine Golden's credibility in deciding if an obstruction-

12

of-justice enhancement was appropriate. A district court may make credibility determinations as they relate to sentencing issues. See Baker, 432 F.3d at 1253. Accordingly, we conclude that the district court did not violate Golden's due process rights in this respect either.

C.    Obstruction of Justice and Acceptance of Responsibility

Golden next argues that, even if it was not a due process violation for the district court to consider evidence during sentencing regarding whether or not he had permission to sell the gun, the evidence was not material to any sentencing issue and should not have been considered as grounds for finding obstruction of justice or denying him a reduction for acceptance of responsibility. We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005). The district court's determination regarding the propriety of an obstruction-of-justice enhancement or an acceptance-of-responsibility reduction is a question of fact reviewed for clear error. Singh, 291 F.3d at 763. Additionally, we defer to a district court's credibility finding based on its having had the opportunity to view the witnesses as they testified. See id. at 763-64.

The Guidelines provide for a two-level enhancement when a defendant willfully obstructs or impedes justice with respect to sentencing, and the

obstructive conduct relates to an offense for which the defendant was convicted. U.S.S.G. § 3C1.1. The comments to § 3C1.1 state that committing perjury and providing materially false statements to a judge are grounds for applying the enhancement. Id. comment. (n.4(b), (f)). Under § 3C1.1, "the threshold for materiality is 'conspicuously low.'" United States v. Massey, 443 F.3d 814, 821 (11th Cir. 2006) (citation omitted). On the other hand, as a matter of law, a defendant's post-conviction and pre-sentence assertions of innocence "cannot be material to sentencing if the assertions' truth [would] require[] the jury's verdict to be in error." United States v. Gardiner, 955 F.2d 1492, 1499-1500 (11th Cir. 1992). Finally, as a general rule, if the district court finds that the defendant obstructed justice, then a two-level decrease under § 3E1.1 for acceptance of responsibility is unavailable. U.S.S.G. § 3E1.1 comment. (n. 4); Singh, 291 F.3d at 765.

The district court first concluded that Golden was not credible. By extension, Golden committed perjury by falsely testifying that he had permission from his probation officer to sell the gun. Golden's false statements were material because, if the district court had believed him, it likely would have imposed a much shorter sentence, given the court's order following the Rule 11 hearing, in which it stated that it did not seem correct even to charge Golden if he were telling

14

the truth. This is sufficient to satisfy the low threshold for materiality. See

Massey, 443 F.3d at 821. Because Golden's probation officer was a state rather

than a federal agent, Golden's assertions, even if true, would not have required a

different verdict, and thus are not disqualified on that ground. See Gardiner, 955

F.2d at 1499-1500. The district court, therefore, did not clearly err in applying a

two-level obstruction of justice enhancement. Likewise the district court did not

clearly err in not applying a two-level, acceptance-of-responsibility reduction since

Golden obstructed justice. See Singh, 291 F.3d at 765.

### III. CONCLUSION

Golden appeals his conviction and sentence for possession of a firearm by a

convicted felon. First, because Golden did not enter a conditional guilty plea, and

we find that his plea was knowing and voluntary, he has waived the right to raise

the entrapment-by-estoppel defense on appeal. Accordingly, we **AFFIRM** his

conviction. Second, the district court did not err in considering Golden's

credibility as to whether his state probation officer had given him permission to

sell the gun, in applying an enhancement for obstruction of justice, or in refusing to

reduce for acceptance of responsibility because, regardless of the relevancy of this

evidence as to his guilt, whether Golden lied was material to sentencing.

Accordingly, we also **AFFIRM** his sentence.

15