[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 5, 2012
JOHN LEY
CLERK

No. 11-10452
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00232-CG-B-1


UNITED STATES OF AMERICA,

                                                        Plaintiff–Appellee,

                              versus

TAVARIS LAMON BODY,

                                                        Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 5, 2012)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Tavaris Lamon Body was convicted of being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g). Body appeals his conviction and asks that we vacate it for three reasons. First, he contends that the search of his home, which uncovered the firearm, violated the Fourth Amendment. Second, he argues that the district court should have held an evidentiary hearing under *Franks v. Delaware*, 483 U.S. 154 (1978). And last, he argues that there was not sufficient evidence to support his conviction.

At the outset, we note that Body has waived his first two arguments, and thus, we will not address them. Body neither filed a motion to suppress nor requested a *Franks* hearing in the district court. Federal Rule of Criminal Procedure 12(b)(3)(C) requires that a motion to suppress be filed before trial. And the failure to file such a motion before trial waives any objection unless the defendant can demonstrate good cause for his failure to do so. Fed. R. Crim. P. 12(e); *see also United States v. Ford*, 34 F.3d 992, 994 n.2 (11th Cir. 1994). Because Body has not demonstrated good cause for his failure to file a motion to suppress before trial, he was waived that argument and we will not address it. We have also applied Rule 12(e) to foreclose review of late-filed *Franks* motions. *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990). Here, Body never requested a *Franks* hearing, and thus he has also waived that claim.

We now turn to Body's remaining argument. We review a district court's

2

denial of a motion for judgment of acquittal based on the sufficiency of the evidence *de novo*. *United States v. Friske*, 640 F.3d 1288, 1290 (11th Cir. 2011). But we consider the evidence in the light most favorable to the government and we will not overturn a conviction if any reasonable construction of the evidence supports the jury's verdict. *Id.* at 1291.

To obtain a conviction under 18 U.S.C. § 922(g) the government must prove that the defendant (1) had a felony conviction and (2) knowingly possessed a firearm that (3) was in or affected interstate commerce. *United States v. Funches*, 135 F.3d 1405, 1406–07 (11th Cir. 1998). Body does not contest that he had a felony conviction or that the firearm found in his house had been in or affected interstate commerce, but rather only the possession element. Possession can either be actual or constructive. To show constructive possession, the government must establish that the defendant "exercised ownership, dominion, or control over the firearm." *United States v. Gunn*, 1229, 1234 (11th Cir. 2004).

At trial, police officers testified that they found Body and a gun at 928 Nellie Street. They also testified that they found a key to 928 Nellie Street on Body, as well as a Western Union money order and an auto-repair work order in Body's name that both listed 928 Nellie Street as his address. Finally, after Body had been read his *Miranda* rights, an officer asked him why he had the gun. The

3

officer testified that Body responded that he had the gun for protection.  We conclude that this evidence is sufficient to support the jury's finding that Body exercised "dominion or control" over the firearm and thus there was sufficient evidence to support his conviction.  *Cf. United States v. Clay*, 355 F.3d 1281, 1284 (11th Cir. 2004) (allowing constructive possession in drug cases to be showed by establish "ownership or dominion and control . . . over the premises on which the drugs are concealed").

**AFFIRMED.**