[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12752
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cv-00483-CG; 1:10-cr-00232-CG-C-1


TAVARIS LAMON BODY,

                                                          Petitioner-Appellant,

versus


UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 10, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Tavaris Body, appearing *pro se*, appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  Body is currently serving a sentence of 78 months' imprisonment after a jury convicted him of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We granted a Certificate of Appealability (COA) on the following issue: "Whether the District Court erred in finding that Mr. Body's counsel was not ineffective in failing to adequately investigate and call Mr. [Marcus] Bell as a witness at trial."

On appeal, Body asserts that if Bell had been called to the stand, he would have testified that (1) Bell owned the firearm found by police at a residence, not Body; and (2) Body had no knowledge of the gun's presence inside his house.  As such, Body argues that the failure to call Bell as a witness prejudiced him because there is a reasonable probability that the jury would have acquitted him if Bell had testified.  Finally, Body contends that the "adequately investigate" language of the COA encompasses his additional ineffective-assistance claims unrelated to the decision to call Bell as a witness.  After careful review, we affirm.

In reviewing a denial of a motion to vacate, we examine the factual findings for clear error and legal conclusions *de novo*.  *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).  An ineffective-assistance-of-counsel claim is a mixed question of law and fact that is subject to *de novo* review.  *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013), *cert. denied*, 134 S.Ct. 1508 (2014).

2

Criminal defendants have a right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, *i.e.*, the performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result of that deficient performance. *Id.* at 687. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. The petitioner bears the burden of proof on both prongs of the *Strickland* test. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

Our review of a counsel's performance is highly deferential, and we apply a "strong presumption" that counsel's performance was reasonable and that all significant decisions were made in the exercise of reasonable professional judgment. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Further, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012). "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." *Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (quotation omitted).

3

In order to satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The failure to call an exculpatory witness is more likely to be prejudicial when the conviction is based on little evidence of guilt. *Fortenberry v. Haley*, 297 F.3d 1213, 1228-29 (11th Cir. 2002).

We conclude that the district court properly determined that Body's counsel was not ineffective for failing to call Bell as a witness at trial. Even assuming that counsel's performance was deficient,[1] Body cannot show that he was prejudiced by counsel's failure to call Bell to testify. *Strickland*, 466 U.S. at 697. Indeed, the record is replete with evidence that Body possessed the firearm at issue in the offense conduct as (1) he was found alone in the house with the firearm; (2) evidence showed that he lived in the house, including his possession of the key to the home; and (3) after he was informed of his *Miranda*[2] rights, he indicated to the police that he owned the firearm for protection. As we highlighted in Body's direct appeal, this was sufficient evidence to support the jury's finding that Body exercised "dominion or control" over the firearm. *United States v. Body*, 450 F. App'x 855, 856 (11th Cir. 2012) (unpublished); *see also United States v. Howard*,

---

[1] Although we dispose of Body's ineffective-assistance-of-counsel claim on the prejudice prong of the *Strickland* inquiry, we find nothing in the record to suggest that counsel's performance was deficient.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

742 F.3d 1334, 1341 (11th Cir. 2014) (allowing for constructive possession if the evidence shows either that the defendant exercised ownership, dominion, or control over the firearm, or that he had the power and intent to exercise dominion or control over it).

Although Bell's potential testimony may have cast some doubt upon the other evidence introduced at trial, this is insufficient to show that the jury would have believed Bell's testimony over all the evidence in the record. *See United States v. Hunt*, 526 F.3d 739, 745 (11th Cir. 2008) (noting that generally, juries can choose from several reasonable conclusions that could be drawn from the evidence, and the evidence need not be "inconsistent with every reasonable hypothesis other than guilt").

We decline to review Body's broader arguments that his trial counsel rendered ineffective assistance by failing to conduct an adequate pretrial and pre-sentencing investigation, including, *inter alia*, investigating alleged misrepresentations in the application for the search warrant. These arguments are beyond the scope of the COA and, thus, not properly before us. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011) (explaining that generally, our scope of review is limited to the issues enumerated in the COA).

5

Accordingly, because Body failed to show that he was prejudiced by counsel's allegedly deficient performance, the district court properly denied this ineffective-assistance claim in his § 2255 motion.

**AFFIRMED.**